**Bithey Ann SPRADLEY and Harry Spradley, Plaintiffs-Appellants,**

v.

**ST. MARY'S HOSPITAL, a Corporation, and William Q. Wu, Defendants-Respondents.**

No. 25633.

Kansas City Court of Appeals, Missouri.

April 5, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1971.

Application to Transfer Denied Sept. 13, 1971.

---

Elwyn L. Cady, Jr., Independence, for plaintiffs-appellants.

Roy F. Carter, Kansas City, for respondent, Wu, Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

David R. Odegard, Robert L. Wehrman, James & McCanse, Kansas City, for respondent, St. Mary's Hospital.

DIXON, Commissioner.

This appeal by the plaintiffs from the trial court's ruling sustaining a motion for summary judgment by one defendant and a motion to dismiss by another defendant, is dismissed for failure to comply with the rules relating to the filing of briefs in this court.

Reluctant as we are to dispose of cases upon procedural error in connection with the filing of briefs in this court, the brief of the appellants in this case is so wholly deficient in the necessary ingredients for successful examination of the issues presented that we deem it necessary to take this action.

The case comes to us by order of transfer from the Supreme Court where the appeal was originally lodged. The jurisdictional statement contained in appellants' brief is as follows:

"This appeal is from adverse disposition of plaintiffs' causes of action for negligence wherein $15,000 is sought against each defendant (1).

Consequently, jurisdiction is vested in the Supreme Court of Missouri by virtue of the amount in dispute, to-wit, $30,000."

This jurisdictional statement does not comply with Rule 83.05(b), V.A.M.R. Note that in order to determine the question of jurisdiction upon this statement of such jurisdiction, some assumption of facts or pleading is required by the reader. In fact, an examination of the transcript discloses that the petition contains the following prayer:

"WHEREFORE, plaintiffs pray for judgment against defendants and each of them in the sum of $15,000, and costs."

This could not, by any stretch of the imagination, constitute a demand for $30,000. The Supreme Court, by its order and apparently after examination of the transcript, remanded the case to this court.

Appellants' statement of facts is likewise as abbreviated and erroneous as the jurisdictional statement. It is set forth here in its entirety:

## "STATEMENT OF FACTS

This action is a classical 'sponge case' in which both the defendant surgeon and the hospital are sued for negligence in leaving a surgical sponge within the body

of plaintiff Mrs. Spradley during surgery on or about September 8, 1964(1).

The sponge was discovered on August 13, 1966 when it extruded itself (47A) and suit was filed on August 13, 1968(1).

Defendant hopsital's motion for summary judgment was sustained on February 28, 1969 and defendant surgeon's motion to dismiss was sustained (47A–48) September 5, 1969. Plaintiffs' appeal was timely perfected (48 et seq.)."

Examination of this statement of facts gives absolutely no information concerning the pleadings in the court below other than their dates of filing, nor the facts upon which the pleader claims the trial court erred in its ruling. It is completely erroneous in that it does not contain an accurate statement of the court below's rulings which were specific in both instances. To demonstrate the fallacy of this statement of facts, we shall provide a short statement of the facts prepared from an examination of the transcript.

On August 13, 1968, the plaintiffs, Bithey Ann Spradley and Harry Spradley, filed a petition alleging that on September 8, 1964 a physician-patient and a hospital-patient relationship existed between the plaintiff, Mrs. Spradley, and the defendants in respect to certain surgery; that surgical sponges were introduced into the surgical wound and that the surgical material was left within the body of Mrs. Spradley and that on or about August 13, 1966, the surgical material extruded itself; that as a result of this, the plaintiff sustained "serious pain and mental anguish, loss of earning capacity, and damage to tissues and organs of her body" and that the plaintiff, Mr. Spradley, sustained loss of consortium and incurred substantial expense for the rehabilitative treatment of his wife. On September 12, 1968, St. Mary's Hospital filed an answer admitting that plaintiff was a patient, that surgery was performed and denying all the other allegations of the petition. The answer pleaded that the petition failed to state a cause of action;

that the two year statute of limitations against the defendant had run and that the hospital was a charitable institution and immune from liability. On January 29, 1969, the defendant, St. Mary's Hospital, filed a motion for summary judgment upon the same grounds set out in the answer and attaching the corporate papers and an affidavit of the administrator of the hospital concerning the charitable nature of the organization. On February 28, the court entered an order which is as follows:

"Motion of defendant St. Mary's Hospital for summary judgment is sustained for the reason that the two-year statute of limitations has run before the filing of said petition."

For some reason not apparent from the record, the individual defendant was not served until much later in 1969. Upon his being served, and apparently within time, on June 18, 1969, the individual defendant filed a motion to dismiss setting up the statute of limitations, Section 516.140, V.A.M.S., and on September 5, 1969, the court entered an order as follows:

"Now on this day motion of defendant William Q. Wu to dismiss plaintiffs' petition is sustained for the reason that the two year statute of limitations had run before the filing of said petition and any amendment to said petition would also be untimely."

The plaintiff, Bithey Ann Spradley, had filed an affidavit long after two years from the August 13, 1966 date which contained allegations to the effect that the defendants had concealed the "true state of affairs from plaintiffs," without reference to any dates when such statements were made except that they were "throughout the period following the * * * surgery until the sponge extruded itself, * * *"

A comparison of the statement of facts we have made indicates that the statement of facts contained in appellants' brief simply does not comply with the basic requirements of the rules of appellate procedure. The basic aim of these rules is well stated in

Pauling v. Rountree, Mo.App., 412 S.W.2d 545, " * * * the purpose of rules of appellate procedure is to enable counsel and the court to get down to the hard-core issues of the case." It might be added that appellate briefs are designed to acquaint the court with the facts and issues prior to oral argument so that the oral argument may intelligently direct the court's attention to the legal issues to be decided upon the appeal. Appellants' statement of facts taken by itself is utterly unintelligible as to the nature of the issues presented to the trial court and even of the trial court's reasons for its rulings. To provide a statement of facts which requires an examination of the transcript in order to determine the facts of the case is a travesty upon the rules. The dockets of every appellate court are crowded and litigants who abide by the sensible rules of procedure for the filing of briefs are entitled to the consideration of their cases and the issues presented by them. The time of the courts should not be taken up with supplying the deficiencies of counsel in their briefing. This was well said in Walker Brothers, Inc. v. J. K. Seear (U.S.A.) Ltd., Mo.App., 364 S.W.2d 51, l. c. 52. "The burdens that result from imperfect appeals fall upon responding parties as well as upon reviewing courts. When appellants fail to state facts and define issues as the rules prescribe, respondents are deprived of their just entitlement—a full opportunity to know and answer the precise questions in controversy."

Nor is the statement of facts and the jurisdictional statement the only defect which appears in appellants' brief. The points relied on and argument which cover two and one-half pages in the typewritten brief are so general as to raise no issue for determination by the court. We set forth point II in its entirety:

"THE COURT ERRED IN SUSTAINING DEFENSE MOTIONS SINCE THE STATUTE OF LIMITATIONS IS TOLLED BY FRAUDULENT CONCEALMENT."

and the only argument advanced under that point consists of the following:

"Under Smile v. Lawson [Mo.], 435 S.W.2d 325, plaintiffs are entitled to a trial in which the affirmative defense of the statute of limitations can be met by evidential facts (47–A) bearing on the elements of fraudulent concealment of the cause of action. Apparently, then the defendant has only the burden of going forward with the evidence on the affirmative defense and plaintiffs are left with a burden of persuasion on the evidential facts of said affirmative defense."

It is impossible to determine from this fragmentary presentation and the citation exactly what issue is attempted to be raised to demonstrate the error in the trial court's ruling. From an examination of the transcript, we conclude that appellants are attempting to raise some sort of a theory that a plaintiff is not required under Smile v. Lawson, supra, to plead, in his petition, the facts upon which the doctrine of fraudulent concealment rests. The case cited is totally inapplicable to such a theory or argument because the plaintiff in that case specifically pleaded fraudulent concealment of facts. (l. c. 326) The abstract statement set forth above from appellants' brief does not even purport to state any reasons based upon the facts of this case why the trial court should be convicted of error nor give any reason why such ruling of the trial court was error. Rule 83.05(e). Patterson v. Wilmont, Mo., 245 S.W.2d 116.

For the complete failure of appellants to properly brief this cause, the appeal is dismissed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.