Charles J. HUGHES et al., Respondents,

v.

**Carl E. WILSON, Appellant.**

No. 25454.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1972.

James G. Trimble, James, McFarland, Trimble & Austin, North Kansas City, for appellant.

Robert I. Adelman, Kansas City, for respondents.

SHANGLER, Chief Judge.

Plaintiffs contracted with defendant for the construction of a house. A dispute arose, plaintiffs contending that defendant had failed to perform according to the contract terms, and defendant contending for compensation beyond the contract price for extra work done and materials furnished. Plaintiffs sued for damages for expenditures made necessary to complete the contract and defendant counterclaimed for the value of the extra work and materials. A jury returned a verdict of $1000 for plaintiffs on their petition and denied defendant relief on his counterclaim. Defendant has appealed from the money judgment but raises no further issue as to the counterclaim.

The defendant, now appellant, tenders three incidences of trial error, but we

do not reach their merits because his brief is so deficient as to render any conscientious review unreasonably burdensome. In such circumstances, even in the absence of a motion from respondent, the ends of the administration of justice require that we put in motion the dismissal of this appeal.

Although the jurisdictional statement adequately conforms to the requirements of the governing rule, in every other particular appellant's brief violates the applicable requirements of appellate practice. Civil Rule 84.04(c), V.A.M.R., specifies that "(t)he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument". The transcript testimony, which ranges over more than two hundred pages, is reduced essentially to this Statement of Facts in appellant's brief: "Plaintiffs' case consisted entirely of testimony of plaintiff Charles J. Hughes (TR 23 through 97), and defendant presented testimony in person and by numerous witnesses". The deficiency is blatant: No testimonial facts are given, thus depriving the reviewing court of the indispensible predicate for the determination of the legal propositions presented. While some scant reference to the trial evidence is made in the Argument portion of the brief, except for one instance, there is neither transcript page reference nor other attribution in violation of Civil Rule 84.04(h), V.A.M.R.

Moving next to appellant's Points Relied On, the first is given as: "The verdict was not supported by competent evidence which the jury could consider under Instruction No. 4 (submitting damages)." Such an assignment presents nothing for appellate review in a jury case. Grubbs v. Myers, Mo.App., 407 S.W.2d 43, 44 [2]. It wholly fails to comply with Civil Rule 84.04 (d), V.A.M.R., which requires the appellant's brief to give "(t)he points relied on (which) shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why they are claimed to be erroneous*". (Emphasis supplied.) Appellant's third point,

designated II(b) in his brief is similarly deficient. Thus the assignment that the trial court erred in "the giving of Instructions No. 3 and 4 offered by plaintiff because: (b) Said instructions failed to give the jury sufficient guidance to make a determination of the facts" is wholly abstract and does not inform "wherein and why" the instructions fail to guide. The purpose of Civil Rule 84.04(d), V.A.M.R., is not only " 'to give the appellate court a short concise summary of what appellant claims the trial court did wrong and why he claims it was wrong' " but also "to inform respondent's counsel just what appellants' contentions really are, and what he is required to answer." Domijan v. Harp, Mo., 340 S.W.2d 728, 732 [3].

We are unable to tell from a statement of the "points" exactly what the appellant's contentions are unless we cull the transcript. The demanding work of this Court does not allow us to indulge an unheeding appellant nor do the imperatives of justice require that we do so.

The remaining point appellant asserts is that the trial court erred "in the giving of Instructions No. 3 and 4 offered by plaintiffs because: (a) Said instructions were a modification of M.A.I. instructions which do not conform with the Supreme Court Rules". The deficiencies which mark appellant's tendered points I and II(b) inhere also in point II(a). In addition, even had this point been validly expressed, there was no objection to the instructions either when given at the trial or in appellant's motion for new trial, so they preserved nothing for review. Supreme Court Rule 70.02, V.A. M.R.

Accordingly, the appeal is dismissed.

CROSS and DIXON, JJ., concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of court when cause submitted.