Doris J. CRAPISI, Plaintiff-Respondent,

v.

Jack CRAPISI, Defendant-Appellant.

No. 25742.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1972.

Barbieri, Combs & Gotschall, Roger J. Barbieri, Kansas City, for appellant.

Harvey L. McCormick, Kansas City, for respondent.

DIXON, Judge.

Defendant husband appeals from a decree of divorce entered in favor of the plaintiff wife. The appeal is dismissed for violation of Rules 84.04(a)(b)(c)(d)(e) by authority of Rule 84.08, V.A.M.R.

The brief of appellant contains no jurisdictional statement whatever. This is a plain violation of Rule 84.04(a).

There is no statement of facts in accordance with Rule 84.04(c). The appellant reprinted in his brief the judgment entry of the trial court in its entirety and stated, "Appellants statement will be the actual judgment entry of the trial court * * *". The full transcript was filed, however, and no attempt was made to present this appeal under Rule 81.13 as a matter reviewable without the full record.

The appellant's brief contains a single point. It is set forth in full as follows:

"The Court erred in rendering a judgment for alimony in gross and in addition thereto, a monthly alimony amount which was from year to year, for the reason that said judgment is arbitrary and an abuse of discretion contrary to the Statutes of Missouri."

Except for a quotation of Missouri Revised Statutes, "Section 452.080" V.A.M.S., (no other citation is given), and four (4) lines quoted from Missouri Family Law, no other authority is contained in the brief. The entire argumentative portion of appellant's brief, which aside from the quoted material consists of six (6) printed lines, is as follows:

> "It is respondent's contention that the statutes prohibit both alimony in gross and alimony from year to year."

The points and authorities portion quoted above suggests a failure of proof to support the judgment. The single sentence of argument quoted appears to be an attempt to convict the trial court of error in the construction of the statute. The statute quoted in full in the brief is Section 452.080 R.S. Mo.1969, V.A.M.S. The basic statute authorizing alimony and support in connection with a divorce is Section 452.070 R.S.Mo. 1969, V.A.M.S., inexplicably not referred to in appellant's brief.

This court has recently emphasized the importance of adherence to the rules governing appellate practice.[1] The reasons for such adherence have been made plain. The result of violation as marked as exists here must be made equally plain. Harsh as is the remedy of dismissal, it must be resorted to when the demands upon the time of appellate judges are such that an independent analysis of the issues, an independent examination of the transcript for the facts, and an independent search for authority is compelled by violation of the rules and prohibits the proper and timely disposition of the cases of appellants and respondents who have properly complied with the rules.

SHANGLER and CROSS, JJ., concur.

WASSERSTROM, SWOFFORD and PRITCHARD, JJ., not participating.

---

[1] Spradley v. St. Mary's Hospital, 469 S.W.2d 855 (Mo.App.1971); Varnal v. Kansas City, 481 S.W.2d 575 (Mo.App. 1972); Ward v. Johnson, 480 S.W.2d 104 (Mo.App.1972); Geiler v. Boyer, 483 S.W.2d 773 (Mo.App.1972).