Jean Paul DEVOY, Appellant,

v.

Mary Dorothy DEVOY, Respondent.

No. KCD 26602.

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Motion for Rehearing and/or Transfer Denied
Dec. 3, 1973.

———◆———

Elwyn L. Cady, Jr., Independence, for appellant.

Lloyd A. Cleaveland, Chillicothe, Walter E. Allen, Brookfield, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM:

Plaintiff sued his parents for damages sustained in the early morning of January 27, 1961 from a slip and fall on the icy front porch of their home. Plaintiff's father died during the pendency of the suit and trial was had against the mother alone. The court directed a verdict at the close of the plaintiff's case. On this appeal from the judgment, plaintiff urges, first, that a *prima facie* case was made: that there was substantial evidence defendant breached a duty owed plaintiff to clear the porch of an unreasonably dangerous condition of ice and snow and that the breach was the proximate cause of the injury; and, second, that the defense of contributory negligence was a question of fact for the jury, rather than for "judicial fiat" by a directed verdict. For reasons we presently give, this appeal will be dismissed.

Rule 84.04(c) V.A.M.R. requires that the brief of an appellant present "[a] fair and concise statement of the facts relevant to the questions presented for determination without argument". What appellant has presented to this court is a starkly reduced recitation of evidentiary facts, insufficient for a proper review of appellant's contentions of error and contrived to omit essential facts on which respondent relies. See, Carver v. M. K. T. R. Co., 362 Mo. 897, 245 S.W.2d 96, 100 [1–3] (1952). Approximately fifty pages of transcript proof have been condensed into four scant paragraphs.

The statement of facts, *in toto*, represents that:

Plaintiff was in business in Brookfield with his father and would frequently drop by his parents' home for business and social conversations (50). On the night in question he had been engaged in such conversation with his parents (54) and later that night slipped and fell on their front porch (55), being rendered unconscious and not regaining consciousness until the next morning in the hospital (55).

For a period of about 10 days before the fall there had been a condition of refreezing snow and ice (56). A path had been swept on the front porch which had a refreezing condition of ice (58) about which plaintiff was generally, but not specifically, aware of at the time of the slip and fall (76).

Plaintiff sustained severe injury (61 et seq.) and required amputation of a toe (62).

Plaintiff's father, an original defendant, having died during the pendency of this suit, trial was against plaintiff's mother alone, whose motion for directed verdict at the close of plaintiff's case (97) was sustained (100). Plaintiff has perfected his appeal (101 et seq.).

This significant evidence from appellant himself, essential to a proper review of the issues, was omitted from his statement: During the ten days of refreezing snow and ice which preceded the injury, appellant had been in and out of his parents' home at least once a day. On each of these visits appellant had entered and exited over the same front porch on which he later fell. Throughout that period, he knew that the porch was slick and dangerous. There had been neither significant change in weather conditions nor in the condition of the front porch during the period of these visits. In appellant's word, "it was a situation where you had better watch where you're stepping". On the night of the fall, appellant had been to his parents' home on two separate occasions. His first visit was at about 7:30 P.M. when he remained about a half-hour. He left by the front door across the front porch and went home. He went to bed, got up, and returned to the home of his parents around 10:30 P.M. There was no indication as to the purpose of either visit. After his second arrival, his father went to bed, but appellant remained and talked with his mother—concerning what, we do not know—watched the late television show, then left after midnight. At his first visit that night, appellant was aware that the front porch was covered with patches of ice and snow and that the porch was dangerous. As he entered the home the second time that night, there had been no change in the condition of the front walk, steps and porch, except that it had become colder. He let himself out through the front door, as he usually did, and although there was a front porch light that he could have used, he did not do so. As he started to leave the house the second time he knew that the porch was slick and dangerous. As he stepped out onto the porch he remembers "starting to slip" and reaching for something to steady himself, but remembered absolutely nothing more until he recovered consciousness in the hospital the next morning. He had no memory of where he had stepped.

Appellant omitted from his statement not only these facts relevant to the condition of the premises, but also other facts relevant to his own condition: Appellant acknowledged at the trial that he was an alcoholic. On the evening of the fall he had had two highballs, each containing two shots of bourbon mixed with water, the first at his home at suppertime and the other around 8:30 P.M. after he had returned from the first visit at the parental home. The hospital record in evidence disclosed that appellant was in an intoxicated condition when admitted to the hospital at seven the following morning. He had been discovered unconscious on the ice where he

had lain since his fall in the cold, 20 degrees below zero.

■ Testimonial facts are the indispensible predicate for appellate review. The purpose of Rule 84.04(c) is to furnish the reviewing court with an immediate, accurate and unbiased understanding of such facts so that they may be readily related to the legal issues presented for determination. Hughes v. Wilson, 485 S.W.2d 620 [1–2] (Mo.App.1972). Appellant's brief is deficient in this respect. Since the review of a judgment by directed verdict is on the sufficiency of the evidence [Fultz v. Southwestern Bell Tel. Co., 382 S.W.2d 24 (Mo.App.1969)] and requires close attention to the evidentiary facts, appellant's lapse is particularly onerous. The failure of an appellant to comply with the requirements for a sufficient statement of facts, alone, constitutes ground for dismissal of an appeal. Markowitz v. University City, 335 S.W.2d 455 (Mo.App.1960).

Appellant's non-compliance with required appellate procedure, however, is even more flagrant. Appellant's two points relied on: 1) that there was substantial evidence of a duty by respondent to appellant to clear the front porch of the dangerous condition, a breach of that duty, and consequent injury and, 2) that the contributory negligence of appellant was an issue of fact and not of law, are asserted abstractly and do not particularize the trial defects claimed as error. Rule 84.04(d) contemplates that the points relied on show wherein and why the trial court erred. Appellant's brief fails in this respect also. Nor do we find that the argument portion of the brief, which expounds legal principles without reference to facts or rulings for the most part, supplies that deficiency. In these circumstances we could not conscientiously review the errors claimed without also becoming advocates for the appellant. Harbaugh v. Harbaugh, 472 S.W.2d 449, 451 [1] (Mo. App.1971).

The appeal is dismissed.