**Robert M. LOCKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46829.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 12, 1973.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty. and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, eight years' imprisonment.

The appellant challenges the sufficiency of the evidence in several grounds of error. However, we do not consider it necessary to recite all the facts because they have already been recited in the opinion of Presiding Judge Onion in Locke v. State, 484 S.W.2d 918 (Tex.Cr.App.1972).[1] The facts showing the theft of copper tubing presented in the record in the present case are sufficient to support the jury's verdict.

■ The appellant also contends the record shows the value of the stolen property to be less than $50.00. His argument is based upon testimony that the copper tubing which had been broken into small pieces weighing a total of 101 pounds was sold for scrap at 40¢ a pound for a total of $40.40. The record, however, is replete with evidence that the value of the copper tubing before removal from the location on the construction site where it had been placed in preparation for the pouring of a concrete slab had a value in excess of $50.-00. A plumbing contractor who was at the scene of the arrest and saw the small pieces of copper tubing testified to questions propounded by appellant's counsel that if the copper he saw was "new" it would be worth $175.00. Without objection the owner of the copper tubing which had been taken testified that the fair market value of the copper tubing used to replace that which had been taken was $221.-90 in Dallas County on the alleged date of the theft. The evidence offered was sufficient to prove the value of the copper tubing taken to be over $50.00. See, i. e., Turner v. State, 486 S.W.2d 797 (Tex.Cr.App.1972); Tinsley v. State, 461 S.W.2d 605 (Tex.Cr.App.1970); Hasley v. State, 442 S.W.2d 739 (Tex.Cr.App.1969). The appellant's complaint that hearsay evidence was used to establish the value of the stolen property is also without merit. See, i. e., Hermosillo v. State, 475 S.W.2d 252

(Tex.Cr.App.1971); De La O v. State, 373 S.W.2d 501 (Tex.Cr.App.1963).

■ The appellant also complains that the State failed to prove that there was a "taking" of the copper tubing alleged in the indictment to have been stolen. The record shows that the copper tubing had been removed from where it had been placed at the construction site. It had been broken into small pieces, some of which had been placed in a station wagon while the rest had been piled in close proximity to the station wagon by the time the thieves were interrupted in their activities. This was sufficient to show a "taking" of the property. See Article 1412, Vernon's Ann.P.C.; Tinsley v. State, supra; Master v. State, 437 S.W.2d 868 (Tex.Cr.App. 1969); Senter v. State, 411 S.W.2d 742 (Tex.Cr.App.1967).

■ The appellant complains that the Court abused its discretion in overruling his motion and in failing to grant a new trial. The appellant's amended motion for new trial was overruled by the Court on October 4, 1971. The appellant was sentenced and gave notice of appeal. On July 20, 1972, months later, another motion denominated amended motion for new trial was filed. It is the overruling of this motion which the appellant urges to be erroneous. The filing of the motion was not timely and the Court should have refused to hear such motion. Therefore, there was no abuse of discretion in the overruling of the motion and the failure to grant a new trial. See Article 40.05, Vernon's Ann.C. C.P.; Roberts v. State, 493 S.W.2d 849 (Tex.Cr.App.1973); Morales v. State, 458 S.W.2d 56 (Tex.Cr.App.1970); and St. Jules v. State, 438 S.W.2d 568 (Tex.Cr. App.1969).

The judgment is affirmed.

Opinion approved by the Court.

---

1. That opinion was concerned with an appeal from an order revoking probation. The facts therein recited and those reflected by the record in this case are substantially the same.