John **BUTTERBAUGH** and Juanita Butterbaugh, Appellants,

v.

**PUBLIC WATER SUPPLY DISTRICT NO. 12 OF JACKSON COUNTY, Missouri, et al., Respondents.**

**No. KCD 26471.**

Missouri Court of Appeals, Kansas City District.

June 3, 1974.

Motion for Rehearing and/or Transfer Denied July 1, 1974.

Application to Transfer Denied Sept. 9, 1974.

**446**

Paul E. Panek, Belton, for appellants.

William K. Poindexter, Kansas City, for respondents.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM.

Plaintiffs, John and Juanita Butterbaugh, sought a declaratory judgment asserting that defendant's charge for water use constituted an unconstitutional special tax within the prohibition of Article 10, Section 3 of the Constitution of Missouri, V.A.M.S., and that said charges violated due process, while denying them equal protection of the law, all contrary to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10; Article 10, Section 1; and Article 6, Section 26, of the Constitution of the State of Missouri. Plaintiffs further sought a mandatory injunction, prohibiting the District's mode of charging for water use, and ordering restitution of sums already expended. From a judgment finding that they had failed to meet their burden of proof, and that the charges were authorized by law, they appeal.

Actions for declaratory and injunctive relief are civil proceedings and are governed by the Rules of Civil Procedure. This being so, the form and content of appellant's brief must comply with Rule 84.-04, V.A.M.R., and sub-parts thereunder. The purpose of this rule is not only to give the appellate court a short, concise summary of what appellant claims the trial court did wrong and why he claims it was wrong, but also to inform respondent's counsel just what appellant's contentions really are, and what he is required to answer. Hughes v. Wilson, 485 S.W.2d 620 (Mo.App.1972); Murphy v. Deksnis, 476 S.W.2d 150 (Mo.App.1972). Appellant's brief fails in many obvious particulars to comply with the simple and plain requirements of Rule 84.04.

■ In considering the infirmities of appellant's brief, we note that the statement of facts is argumentative and thus constitutes a clear violation of Rule 84.-04(c) [Geiler v. Boyer, 483 S.W.2d 773 (Mo.App.1972)]; but it has prejudiced neither respondent nor our review and therefore will be overlooked.

■ This court, however, has no duty to search the appeal record in order to ascertain appellant's points on appeal and determine whether or not the trial court erred. School Services of Mo., Inc. v. Caton, 419 S.W.2d 954 (Mo.App.1967); Hoover v. Whisner, 373 S.W.2d 176 (Mo.App. 1963). To satisfy the requirements of Rule 84.04(d), a point must be clearly stated as a point, a ruling must be stated, and reasons must be stated to show why the ruling was wrong. Chambers v. Kansas City, 446 S.W.2d 833 (Mo.1969). Furthermore, it is clear that to comply with Subsection (d), the points relied on should constitute a short, concise outline of the argument portion of appellant's brief on appeal. Conser v. Atchison, Topeka and Santa Fe Ry. Co., 266 S.W.2d 587 (Mo. 1954), cert. den., 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653 (1954). In contrast, appellant's point rambles through four pages of text in the form of argument. In addition, authorities are not listed, as specifically required by Subsection (d). As would naturally follow from the lack of a clear, concise point, the argument portion of appellant's brief in no way corresponds to a discernible point. This infirmity is a direct violation of Subsection (e) of Rule 84.04, which provides that the argument shall substantially follow the order of the points relied on.

The court, in Hughes v. Wilson, *supra,* 485 S.W.2d at 621, and the Supreme Court, in Domijan v. Harp, 340 S.W.2d 728, 732[3] (Mo.1960), noted, as mentioned above, that one purpose of Rule 84.04(d) was to insure that respondent's counsel is informed as to the nature of appellant's contentions. That respondent herein was not so informed, and that prejudice result-

ed therefrom, is evident from respondent's brief on appeal, which merely addresses the findings of the trial court, urging that they were not erroneous. The net result of appellant's disregard is the placement of this cause in a posture not capable of decision. Appellant has presented no issue to respondent and no issue to this court. Respondent was therefore unable to effectively answer, and this court, finding no issue joined, is unable to decide this case on its merits.

■ This court has, in the past, overlooked technically deficient appellate briefs where the interests of justice required. However, when the points on appeal are not discernible from appellant's brief, the court is unwilling to speculate. This court in Ward v. Johnson, 480 S.W.2d 104, 107 (Mo.App.1972), made its position clear:

These Rules of Civil Procedure are the result of decades of experience, requirement, review and simplification, calculated to promote and speed the processes of justice. There are valid reasons for each of them. They are calculated to serve the interests of justice and thus of all our citizens. They should and must be substantially followed and not disregarded. The courts in the past have meticulously pointed out the reasons for each rule, laid down simple examples and guidelines, and indulged in generous forgiveness and excuse for deviation. But modern realities no longer permit a disregard of these standards by either the bench or the bar.

■ In the instance where violations of this Rule do not hamper opposing counsel nor the reviewing court, the cause will not usually be dismissed. Hans Coiffures Int'l, Inc. v. Hejna, 469 S.W.2d 38 (Mo. App.1971). However, finding that appellant's brief has not been submitted in a form calculated to assist this court in a determination of this cause, and that said brief, in its present form has prejudiced respondent, by failing to delineate the is-

sues on appeal, this court sua sponte, is compelled to dismiss this appeal for non-compliance with Rule 84.04(d). Hughes v. Wilson, *supra*; Rule 84.04(d); Rule 84.08.

The appeal is dismissed.

All concur.