Annabel L. CADY and Elwyn L. Cady, Jr., Appellants,

v.

The KANSAS CITY SOUTHERN RAILWAY CO. et al., Respondents.

No. KCD 26513.

Missouri Court of Appeals, Kansas City District.

Aug. 5, 1974.

Elwyn L. Cady, Jr., Independence, for appellants.

Robert D. Youle, Irwin E. Blond, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, for respondents.

Before PRITCHARD, P. J. and WASSERSTROM and SOMERVILLE, JJ.

PER CURIAM.

The appellant, Annabel L. Cady, is the surviving spouse and co-executor of Elwyn L. Cady, deceased. The appellant, Elwyn L. Cady, Jr., is the co-executor of the estate of his father, Elwyn L. Cady, and the sole attorney of record herein for the appellants. This case was originally filed by Elwyn L. Cady on December 5, 1968. In his petition he alleged that on December 8, 1967, he was a passenger on a train operated by respondent, The Kansas City Southern Railway Company, which was in collision with another train in or near Baton Rouge, Louisiana, and as a result thereof he sustained personal injuries for which he asked both actual and punitive damages. He joined as codefendants in this action the Louisiana and Arkansas Railway Company; the Kansas City Southern Industries, Inc.; and the Pullman Company, alleging that such defendants were engaged in a joint activity in the operation of the train on which he was a passenger. His petition was based upon the carrier-passenger relationship and also on a theory of unspecified violations of the Federal Safety Appliance Act, the statutory law of Louisiana; and the negligent design and maintenance of the Pullman car on which he was riding. Appellant Annabel L. Cady, individually, was not a party to this action.

There followed a long, protracted period of discovery by the defendants by means of interrogatories, objections thereto by plaintiff, and motions to compel answers, extending from January 3, 1969 to the date of the original plaintiff's death on December 15, 1970. He initiated no discovery process prior to his death and was apparently in time-default on all of his responses to the discovery process of defendants.

On March 17, 1971, the present appellants filed their motion to be substituted as plaintiffs, as co-executors of the estate of Elwyn Cady, and the court below ordered such substitution on August 24, 1971.

In the meantime and on February 19, 1971, the defendants invited the decedent's widow, Annabel L. Cady, to join her claim as spouse arising from her husband's injuries, as provided by Rule 66.01(c), V.A.M.R. At the time the court below ordered the substitution on August 24, 1971, it found that Annabel L. Cady (and presumably her attorney, Elwyn L. Cady, Jr.) had labored under the misapprehension that the motion for substitution was in compliance with Rule 66.01(c) and therefore granted ten (10) additional days time to respond to the notice.[1]

Thereafter and on August 31, 1971, plaintiffs filed a first amended petition in one count, which alleged that Annabel was the surviving spouse of decedent and had "sustained loss of consortium". Defendants filed their motion to dismiss this claim

1. The court below had no authority to order an extension of the unambiguous requirements of Rule 66.01. Garland v. American Family Mutual Insurance Co., 458 S.W.2d 889, 892 (Mo.App.1970).

on September 20, 1971. Discovery proceedings by way of interrogatories were initiated, for the first time by plaintiffs, on October 21, 1971. Also, the plaintiff filed on September 22, 1972 a Notice to Take Depositions wherein the defendant Kansas City Southern was requested to "produce any and all officials of the Pullman Corporation for their depositions" and on September 28, 1972 defendant filed a motion to quash this notice.

On October 4, 1972, the plaintiff, Annabel L. Cady, filed her "individual amendment" to the first amended petition wherein she alleged that on December 8, 1967, she was the lawful wife of decedent and that by reason of the injuries sustained by him on that date, she "suffered a loss of consortium by the enforced loss of activity of decedent which extended to the date of his death." On October 11, 1972, defendants answered and asked the court to dismiss this "individual amendment".

On *October 16, 1972,* the court entered an order dismissing Annabel L. Cady's petition for damages for loss of consortium, *"with prejudice"* and quashing the Notice to Take Depositions above referred to.

This case was set for trial on October 30 1972, and there is no dispute that the notice of such trial setting was published as required by local rules for a period of five weeks, nor that plaintiff Cady, Jr. had notice of the setting. On that day the defendants appeared and their counsel announced ready for trial. The plaintiffs, however, did not appear, and on that date, *October 30, 1972,* the court below dismissed the cause for want of prosecution, at the plaintiffs' costs.

We recite this long history of this litigation below to show the consistent manner in which plaintiffs violated the applicable Supreme Court and local rules with reference to almost every facet of the proceedings and this proclivity did not stop at that level.

On November 9, 1972, plaintiffs filed "Motion to Reinstate Cause on Trial Dock-

et" and on November 14, 1972 they filed a "Motion for a New Trial". The court below denied both of these motions on December 11, 1972 and on December 19, 1972 the appellants filed their Notice of Appeal to this court "from the judgment entered in this action on the *11th day of December 1972*". This notice further stated:

"Orders of dismissal had been previously entered in the cause and plaintiffs had filed a motion to reinstate the cause to the trial docket and also a motion for a new trial. Both motions were denied December 11, 1972 so that it is submitted that final judgment occurred."

■■■ The plaintiffs' Notice of Appeal is completely ineffectual to bring anything before this court. The denial of a motion for a new trial or other after judgment motions is not an appealable judgment. Section 512.020 RSMo 1969, V.A.M.S.; Woods v. Cantrell, 356 Mo. 194, 201 S.W. 2d 311 (1947); Walker v. Thompson, 338 S.W.2d 114 (Mo.1960); A _____ v. A_____, 493 S.W.2d 660, 661 (Mo.App. 1973; Cagle v. Klinkerfuss, 504 S.W.2d 155 (Mo.App.1973). Where such motion for a new trial or other after judgment motions are overruled or denied (as in the case before us), the appeal should be from the underlying judgment or judgments. Here, the appeal should have been taken from the judgment of October 16, 1972, wherein the claim of Annabel L. Cady was dismissed with prejudice and the judgment of October 30, 1972 wherein the remaining claim of the executors was dismissed for want of prosecution. This failure to file a proper notice of appeal under the above statute, decisions and the provisions of Rule 81.08 (formerly Rule 82.08) alone would justify this court in sustaining defendants' motion to dismiss this appeal. But the defendants also orally moved for dismissal because of the obvious defects and violations of the Rules inherent in appellants' brief. We would order dismissal of the appeal without further comment except that by further exposition of the reasons for dismissal, we are hopeful that the

bar may become more acutely aware of the necessity for meticulous adherence to the mandatory rules governing appeals and procedures on appeal and the jeopardy in which litigants are placed by failure to do so. In the past, appellate courts have been lenient in overlooking these errors but the burdens now on those courts by reason of heavy dockets, no longer permit this indulgence, without thereby "becoming advocates for the appellant", Devoy v. Devoy, 502 S.W.2d 428, 430 (Mo.App.1973), and adding to the time burden of others whose interests are on appeal and who have complied with the rules. These rules are calculated to aid the courts to expedite appeals and, thereby, further the administration of justice.

Aside from the obvious defective Notice of Appeal, the record discloses these additional deficiencies in the appellants' brief:

*The jurisdictional statement.* Rule 81.-08(b), (c); Rule 84.04(b).

Appellants' jurisdictional statement in their brief states:

"This is a civil action for money damages in which the trial court's judgment was in favor of the defendants and against the plaintiffs-appellants. This appeal is within the general appellate jurisdiction of the Missouri Court of Appeals. Article V, Section 3, Constitution of Missouri, as amended 1970 [V.A.M. S.]."

■ This type of jurisdictional statement is condemned by the above Rules and is obviously insufficient. It does not advise this court as to the type of "civil action" involved, the nature of the "judgment" from which the appeal is lodged, and the last sentence is a bare conclusionary recital of a constitutional provision upon which our jurisdiction is invoked without "sufficient factual data to demonstrate the applicability of the particular provision or provisions". Rule 84.04(b).

*Statement of Facts.* Rule 84.04(c).

■ This section of the rules requires that the brief of appellant present "a fair and concise statement of the facts relevant to the questions presented for determination without argument." A review of the transcript on appeal and a comparison of the appellants' statement with such transcript and with the respondents' supplemental statement of facts leads to the inevitable conclusion that appellants' statement fails to conform to the mandate of Rule 84.04(c). It omits all facts adverse to appellants' position, is argumentative and incorporates legal conclusions for vital factual statements. Upon oral argument, counsel for appellants made the startling assertion that his interpretation of Rule 84.04(c) was that appellant was not required to include in his statement of facts anything not favorable to his position. We do not agree. Appellants' statement of facts here is wholly insufficient for a proper review of appellants' contentions of error. Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 100 [1–3] (1952); Devoy v. Devoy, supra.

*Points Relied On.* Rule 84.04(d).

The requirements of this rule, pertinent here, are:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous, *with citations of authorities thereunder.*

\*     \*     \*     \*     \*     \*

Setting out only abstract statements of law without showing *how* they are related to any action or ruling of the court is not a compliance with this rule." (Emphasis supplied)

■ Appellants assert five "points relied on". Only two decisions are cited, Levee District No. 4 of Dunklin County v. Small, 281 S.W.2d 614 (Mo.App.1955) in support of Point 1, and Novak v. Kansas City Transit, Inc., 365 S.W.2d 539 (Mo. banc 1963) in support of Point 2. No au-

thorities are cited under Points 3, 4 and 5. The latter points are therefore deemed abandoned. J. R. Meade and Co. v. Barrett and Co., 453 S.W.2d 632 (Mo.App. 1970) ; Sierk v. Reynolds, 484 S.W.2d 675 (Mo.App.1972). Points 1 and 2 are abstract statements and completely fail to comply with Rule 84.04(d) that specificity be employed to state "wherein", "why" and "how" the trial court erred. The authorities cited thereunder (*Levee District No. 4* and *Novak*) are clearly not in point. The Points Relied On are clearly and pointedly insufficient.

*Argument.* Rule 84.04(e).

■ The argument in appellants' brief treats with the five "Points Relied On" in three pages and contains only cursory, unsupported, disjointed legal conclusions, devoid of any logical suasion. The Argument is totally unproductive of any assistance to this court and is completely unacceptable under either the letter or intent of the appellate rules.

While this case was argued, submitted and adopted in division, this opinion issues with the advice of the court en banc.

The appeal herein is dismissed.