**Dana POWER et al. by their mother and next friend, Dottie R. Power, Plaintiffs-Appellants,**

v.

**AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, Defendant-Respondent.**

**No. KCD 26465.**

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied Jan. 13, 1975.

Elwyn L. Cady, Jr., Independence, for plaintiffs-appellants.

Thomas A. Sweeny, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for defendant-respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

SHANGLER, Judge.

The plaintiff Dottie Powers brought separate actions, consolidated for trial, for injuries to her person and for the loss of services of her three minor children under the uninsured motorists provisions of an insurance policy issued by the defendant company. The plaintiff Dottie Powers claimed injury, to herself as operator of her vehicle and to her three passenger children, from an intersection collision caused by the excessive speed of the uninsured motorist. The jury found against these claims for recovery, and plaintiffs appeal.

The plaintiffs assign numerous instruction errors, the refusal of proffered evidence, and an improper closing argument

of defense counsel. The defendant has throughout the trial by timely motions, and now on appeal, moved for judgment for lack of evidence that the uninsured motorist was negligent.

We are thwarted in our discharge of judicial responsibility for review by an appellate brief which disserves the requirements of Rule 84.04(c), V.A.M.R., for a fair and concise statement of facts relevant to the questions presented for determination.

The transcript contents of some two hundred pages are compressed into a one-page statement of facts which yields only this recitation of evidence:

> Plaintiff Dottie (Power) McCurter, driving under a policy of insurance with uninsured coverage (13–16) stopped at an intersection controlled by a stop sign (38) and when the rush-hour traffic had cleared she ventured into the intersection, stopping briefly a second time to check that no traffic was approaching (29) and then started across the intersection when the car was hit from the right by a vehicle driven by an uninsured motorist (24, 33).

> Mrs. (Power) McCurter and her three children passengers in the car (29–30), were all injured by the collision and were treated by Dr. Romito (36, 76–80).

Thus, we are denied the factual basis for review of the errors plaintiffs allege—that the evidence did not justify a failure-to-yield submission, that final argument of respondent was outside the record, and the refusal of an offer of proof of medical testimony—as well as the contention of respondent that a prima facie submission of excessive speed was not shown, all of which a statement complaint with the rules would have allowed.

■ We as a court are committed to the adjudication of appeals on the merits that

right may be done between the parties. The rules of appellate procedure are designed to accomplish that public purpose. These rules impose upon an appellant, in the first instance, the duty to define understandably the issues to be adjudicated and to prepare a fair statement of facts to which the reviewing court may relate them for ready determination. Hughes v. Wilson, 485 S.W.2d 620[1–2] (Mo.App.1972).

■ Were this the original neglect of counsel, we would be disposed to that liberal exercise of discretion in favor of review in the interests of the litigant which the Supreme Court accorded this counsel, notwithstanding the inadequacy of briefs, in Varnal v. General Hospital and Medical Center, 502 S.W.2d 332, 333 (Mo.1973), and accorded by this court in Varnal v. Kansas City, 481 S.W.2d 575, 578[1] (Mo. App.1972). But our duty, also, is to a judicial process which serves an entire public. Despite indulgences and warnings, counsel has continued to fail in his duty to this court. We have, accordingly, exercised the sanction of dismissal to subsequent appeals of counsel which have failed the plain requirements of the rules of appellate procedure. Devoy v. Devoy, 502 S.W.2d 428 (Mo.App.1973); Cady v. Kansas City Southern Railway Company, 512 S.W.2d 882 (Mo.App.1974).

The brief of appellant is deficient in other respects as well, but the inadequacy of the statement of facts, a deficiency not supplied in the argument portion of the brief, is so gross as to alone warrant dismissal of the appeal. Devoy v. Devoy, *supra*, 502 S.W.2d l.c. 430[1–3]. We reaffirm our commitment to dispositions of appeals on the merits in the interests of litigants, but our system of justice visits the performance of counsel on his clients.

Accordingly, the appeal is dismissed.

All concur.