STATE of Missouri, Respondent,

v.

Stephen R. SCHULTEN, Appellant.

No. 36402.

Missouri Court of Appeals,
St.Louis District,
Division One.

Aug. 26, 1975.

Motion for Rehearing or Transfer
Denied Oct. 22, 1975.

Application to Transfer Denied Dec.
8, 1975.

William B. Spaun, Hannibal, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

PER CURIAM.

Appellant, convicted of second degree murder, was sentenced under the Second Offender Act, § 556.280, RSMo., to 30 years imprisonment. His appeal, filed in the Missouri Supreme Court, was transferred here under the provisions of Missouri Constitution, Art. 5, § 3, as amended 1970.

We are confronted at the outset by appellant's failure to comply with the rules of appellate procedure as to content and form of the brief. Rule 84.04(c), V.A. M.R., made applicable in criminal cases by Rule 28.18, requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant's statement of facts contains no such fair and impartial statement; instead it consists of an enumeration of the pleadings followed by 14 pages of random verbatim excerpts from the testimony of various witnesses. Though the rule permits a résumé of each witnesses' testimony, "[S]uch statements may properly follow a general statements of the facts, if desired, but they should not be used to replace the 'fair and concise statement' of all the relevant facts required by the rule." *State v. Burns*, 322 S.W.2d 736, 739[2] (Mo. 1959); *Handshy v. Hasty*, 444 S.W.2d 48, 49[1] (Mo.App.1969). The random excerpts from testimony do not even constitute such résumés. "To provide a statement of facts which requires an examination of the transcript in order to determine the facts of the case is a travesty upon the rules." *Spradley v. St. Mary's Hospital*, 469 S.W.2d 855,

858 (Mo.App.1971). "The failure of an appellant to comply with the requirements for a sufficient statement of facts, alone, constitutes ground for dismissal of an appeal." *Devoy v. Devoy,* 502 S.W.2d 428, 430[2] (Mo.App.1973); *Markowitz v. University City,* 335 S.W.2d 455 (Mo.App.1960). While we do not dismiss the appeal, it is noteworthy that the statement of facts consists of 15 pages; the "points and authorities" and "argument" sections are but two pages each. Six points of error are purportedly raised and argued in these four pages. No authority is cited under Points II, IV, V and VI in violation of Rule 84.04(d), requiring the inclusion of citations of authorities for points advanced. For failure to provide citations these points are deemed abandoned. *Cady v. Kansas City Southern Ry. Co.,* 512 S.W.2d 882, 886[7] (Mo.App.1974); *Earney v. Clay,* 516 S.W.2d 59, 63[2] (Mo. App.1974). Appellant's contention in Point II, relating to Instruction No. 11, is objectionable for the further reason it fails to set out the allegedly erroneous instruction as required by Rule 84.04(e).[1] As to the arguments supportive of Points II, IV and V, they are merely restatements of the points in a single sentence each; for Point VI, we find no argument at all. It has been held that points not developed in the argument section fail to meet the requirements and the rule and will not be reviewed. *Bopp v. Spainhower,* 519 S.W.2d 281, 286[7] (Mo. banc 1975). The sole authority suggested for Point I is the 5th and 14th Amendments and appellant does not develop his theory in the argument section nor cite specific authority for the suggested proposition. Appellant's argument regarding these points contains "only cursory, unsupported, disjointed legal conclusions, devoid of any logical suasion. The Argument is totally unproductive of any assistance to this court and is completely unacceptable under either the letter or intent of the appellate rules." *Cady v. Kansas City Southern Ry. Co., su-*

*pra* at 886[9]. "Thus the court is left alone to develop the facts, render a decision and write an opinion without the benefit of counsel's thoughts and complete analysis of the points and issues. We no longer can afford the luxury of doing the work of an advocate on appeal." *Cole v. Cole,* 516 S.W.2d 518, 521 (Mo.App.1974) (Simeone, P. J., concurring). Under these circumstances, appellant's Points I, II, IV, V and VI, preserving nothing for review, are denied.

■■ Appellant's Point III complains of the trial court's decision not to submit a manslaughter instruction; yet appellant's motion for new trial failed to allege facts warranting such an instruction. Supreme Court Rule 27.20(a) provides that a motion for a new trial "must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." The Missouri Supreme Court, construing this rule in *State v. Cheek,* 413 S.W.2d 231, 238[17] (Mo.1967), stated: "Among other assignments in the motion for a new trial is the contention that the court erred in refusing to instruct on manslaughter; that such an instruction was requested and refused and that the facts in the case warranted such an instruction. We think this assignment wholly insufficient, under the facts of this case, to comply with Supreme Court Rule 27.20 in that it does not set forth in detail and with particularity the specific grounds or cause therefor, in that it does not indicate in any manner what facts in evidence were considered sufficient to warrant such an instruction. . . . In that situation we rule that this assignment wholly fails to comply with S.Ct. Rule 27.20(a) and hence does not preserve anything for review." See also *State v. Luttrell,* 366 S.W.2d 453, 459[4] (Mo.1963). Therefore as similarly ruled relative to Points I, II, IV, V and VI, we find nothing presented or preserved for review in appellant's Point III. This court has no duty to seine the transcript for facts

1. Rule 84.04(e) V.A.M.R.: . . . "If a point relates to the giving, refusal or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief . . . ."

and research the law in order to develop appellant's arguments. *Griffith v. State,* 504 S.W.2d 324, 327[3] (Mo.App.1974); *Anderson v. State,* 493 S.W.2d 681, 685[7] (Mo. App.1973).

We have reviewed the transcript for plain error under Rule 27.20(c), V.A.M.R., and find none. The only issue requiring further comment is whether, as plain error, the appellant was entitled to an instruction on the lesser offense of manslaughter raised by appellant's Point III.

In the instruction conference the court considered and concluded a manslaughter instruction was not warranted under the evidence. Further, appellant and appellant's counsel stated they did not believe the evidence justified and explicitly rejected the giving of a manslaughter instruction. Shortly before this cause was tried, the Missouri Supreme Court in *State v. Sturdivan,* 497 S.W.2d 139, 142[8, 10] (Mo.1973) affirming a first degree murder conviction and approving the trial court's refusal to instruct on manslaughter, stated:

> "Manslaughter is the intentional killing of a human being in heat of passion, on reasonable provocation, without malice and premeditation." § 559.070, RSMo 1969, V.A.M.S.

and concluding that the record did not warrant a manslaughter instruction held:

> "Where there is no evidence of provocation, assault or encounter which excites passion beyond control or of culpable negligence, there is no duty to instruct on manslaughter."

This conformed with M.A.I.-C.R., 6.08 notes on use, effective at the time of trial, which provided: "Where higher grades of homicide are submitted, a manslaughter instruction should not be given unless there is evidence to support the giving of it. It should not be given automatically."[2]

2. The Missouri Supreme Court has recently held that second degree murder and manslaughter instructions must be given in all conventional murder cases. *State v. Staple-*

 In light of the trial court's express finding that a manslaughter instruction was not warranted, the state of the law at the time of trial, the appellant's express rejection of the instruction, and appellant's failure to properly preserve the Point in his motion for new trial, we cannot say that the failure to instruct the jury on manslaughter has resulted in a "manifest injustice or miscarriage of justice" under Rule 27.20(c), V.A.M.R.

Judgment affirmed.

All the Judges concur.

*ton,* 518 S.W.2d 292, 299–300[3, 5] (Mo.banc 1975); see also the notes on use for M.A.I.– C.R. 6.02, 6.06, 6.08 (effective March 8, 1975).