Frank FERRARA, Plaintiff-Appellant,

v.

Officer J. WELLS and City of Ferguson,
Defendants-Respondents.

No. 51155.

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 1987.

Frank Ferrara, pro se.

Joseph K. Robbins, St. Louis, for defendants-respondents.

SATZ, Presiding Judge.

This is a negligence action for property damage. Plaintiff, Frank Ferrara, sued defendants, Officer J. Wells and the City of Ferguson, for damages to his leased vehicle. The trial court granted defendants' motion for directed verdict at the close of the plaintiff's case. Plaintiff appeals. We affirm.

Plaintiff represented himself pro se both at trial and on appeal. Plaintiff's

appeal is procedurally defective. Plaintiff's statement of facts is argumentative and includes allegations not appearing in the transcript or the legal file. This violates Rule 84.04(c). *See, Welch v. Western Casualty and Surety Co.*, 567 S.W.2d 743, 745 (Mo.App.1978). Plaintiff also fails to cite any legal authority for his arguments. This violates Rule 84.04(d); *See, Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 885–886 (Mo.App.1974). Plaintiff's points relied on fail to show any relation to the trial court's rulings and fail to adequately define the alleged errors of the trial court. This also violates Rule 84.-04(d). *See Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Although plaintiff's appeal could be dismissed for these procedural defects, we consider plaintiff's appeal on the merits, ex gratia, to ensure no manifest injustice results from a dismissal on procedural grounds. *E.g., Wykle v. Colombo*, 457 S.W.2d 695, 698 (Mo.1970).

■ At trial, plaintiff called himself as a witness. He testified defendant Wells backed into his leased vehicle and damaged it. Plaintiff's attempts to introduce estimates of damage were rejected as hearsay. At the close of the plaintiff's case, defendant moved for a directed verdict because plaintiff failed to prove any damages. The trial court granted the motion.

Plaintiff appears to make three arguments on appeal. Plaintiff argues he did introduce admissible evidence of actual damages to the leased vehicle. Plaintiff, however, fails to cite the part of the record which supports this argument, and our own review of the record reveals no support. The record does reflect plaintiff's proffer of alleged estimates of damages to the car. But plaintiff did not call anyone who made those estimates as a sponsoring witness, nor did he lay any foundation for admission of these estimates without those sponsoring witnesses. The trial court correctly sustained defendants' objections to the proffered estimates as hearsay. *E.g., Venator v. Venator*, 512 S.W.2d 451, 455 (Mo. App.1974).

■ Plaintiff next complains the trial court improperly refused to allow plaintiff's eyewitness to testify. Nowhere in the record did plaintiff indicate he desired to call an eyewitness or even indicate the eyewitness was present to testify. Plaintiff cannot sensibly complain about a ruling the trial court was given no opportunity to make. *See, e.g., Conchola v. Kraft*, 575 S.W.2d 792, 794 (Mo.App.1978).

■ For his third point, plaintiff argues he was not given a full opportunity to testify and was denied the opportunity to present his evidence. The record does not support this argument.

Plaintiff called himself as a witness, and, after he testified, he told the court "that was primarily it". After cross-examination by defendant, the following colloquy between the court and plaintiff took place:

Court: Anything else you want to say, sir? Do you understand what's going on today?

Plaintiff: Yeah.

Court: .... Anything else you want to say, sir?

Plaintiff: So, what recourse do I have?

Court: I can't advise you.

Plaintiff: Well, then, can I get this continued until I can get—

Court: No, you can't continue it. ....

■ The denial of a continuance is understandable. The record discloses a prior continuance. Plaintiff chose to represent himself. The trial had started and evidence had been adduced. The trial court's ruling was well within its discretion. *See, e.g., Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985).

Judgment affirmed.

CRIST and KELLY, JJ., concur.