Grayling ROBBINS, a Minor, by Patricia Cookemboo, Next Friend, and Patricia Cookemboo, Appellants,

v.

Thomas MEYERS, Respondent.

No. 52401.

Supreme Court of Missouri,

Division No. 1.

March 13, 1967.

Vincent M. Igoe, St. Louis, for appellants.

Evans & Dixon, by John C. Shepherd and Paul V. Gilbert, St. Louis, for respondent.

HOUSER, Commissioner.

Grayling Robbins, a 6-year-old child, brought suit in Count I through his mother and next friend, praying judgment for $15,-000 damages for personal injuries, and his mother in Count II sought $750 to compensate her for medical, surgical, X-ray and hospital expenses incurred as a result of the boy having collided with a vehicle driven by defendant Thomas Meyers. At the close of plaintiffs' case the court sustained a motion for a directed verdict for defendant. Plaintiffs appealed to the St. Louis Court

of Appeals from the judgment entered on the directed verdict. The parties briefed and argued the case in the court of appeals, which properly transferred the case to this Court for lack of jurisdiction.

Respondent's brief in the court of appeals suggested that the appeal be dismissed for failure to comply with Civil Rule 83.05, V.A. M.R. Although the deficiencies in appellants' brief were pointed out in detail appellants made no effort, either in the court of appeals or in this Court, to file a proper brief or to amend their original brief.

■ Appellants' brief contains no jurisdictional statement. The statement of facts does not fairly state the facts relevant to the questions presented for determination. The points relied on do not show what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Only abstract statements of law are set out. In numerous instances the statements in the argument as to what the record contains do not designate the page of the transcript where the statement may be found or verified. Appellants having violated nearly every requirement of Civil Rule 83.05, their appeal is dismissed. Ambrose v. M.F.A. Co-operative Ass'n, Mo. Sup., 266 S.W.2d 647, 648.

■ In dismissing this appeal we are not depriving this six-year-old litigant and his mother of anything of value or substance. Plaintiffs failed to make a submissible case of negligence or causation. Defendant was driving a vehicle at the rate of 10 m. p. h. down the center of a 15-foot alley. The child, who had been playing in a backyard, came through a gate in a brick fence, into the alley and against the left front fender of defendant's vehicle with sufficient force to knock him back against the fence and to the ground. The circumstances in evidence show conclusively that defendant had neither the opportunity nor the time and distance within which to have taken effective evasive action to prevent the collision. The front of the vehicle did

not touch the boy, and the wheels did not run over him. It is obvious that he ran into the side of the vehicle, without fault on the part of defendant. The cause of the collision was the conduct of the child.

Appeal dismissed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HOLMAN, P. J., HENLEY and SEILER, JJ., and HAYES, Special Judge, concur.