**Helen BOHNING, Respondent,**

v.

**Paul HEGERFELD et al., Appellants.**

**No. 55112.**

Supreme Court of Missouri,
Division No. 1.

Sept. 13, 1971.

Jerome W. Seigfreid, Edward D. Hodge, Edwards, Seigfreid & Runge, Mexico, Mo., for respondent.

Carl F. Sapp, Scott Orr, Sapp, Woods, Dannov & Orr, Columbia, for appellants.

ALVIN C. RANDALL, Special Judge.

Respondent and appellants entered into a contract on April 9, 1966, by which respondent agreed to sell and appellants agreed to buy a certain piece of real estate. Subsequent thereto appellants took possession of the real estate, but the sale was never consummated by the execution of a deed. Respondent brought an action against appellants in two counts, the first alleging breach of contract and praying damages in the sum of $4,000, and the second asking for possession and requesting damages in the sum of $5,000 by reason of unlawful possession. Appellants answered and filed a counterclaim in three counts, the first requesting specific performance of the contract of April 9, 1966, the second requesting specific performance of an alleged contract of May 16, 1966, and the third alleging breach of contract and praying for damages in the sum of $4,000. The trial court heard evidence on the equitable issues raised by Counts I and II of the defendants' counterclaim, and on June 10, 1968, entered judgment against appellants denying their request for specific performance. The remaining issues were tried to a jury on August 29 and 30, 1968. The court submitted to the jury the issues raised by respondent's petition, but refused to submit instructions that would have permitted the jury to find that appellants were damaged by reason of the alleged breach of contract asserted in Count III of the counterclaim. The jury awarded respondent damages in the sum of one dollar and possession of the land. Appellants filed their notice appealing to the Kansas City Court of Appeals "from the judgment of the Circuit Court of Callaway County, Mo., entered in this action on the 30th day of August 1968." After briefs had been filed in the Kansas City Court of Appeals, respondent filed a motion alleging that title to real estate is directly involved in the appeal and that the Supreme Court has jurisdiction under the provisions of Article V, Section 3 of the Constitution of Missouri, V.A.M.S. This motion was sustained by the Kansas City Court of Appeals and the appeal was transferred to this court.

Although all parties now take the position that the Supreme Court has jurisdiction of this appeal, we cannot obtain jurisdiction by the consent of the parties but must determine whether or not, in point of fact, this court has jurisdiction. Mack v. Mack, Mo.Sup., 281 S.W.2d 872, 873.

The amounts in dispute in the claims for damages were not sufficient to give this court jurisdiction. In respondent's claim for possession, the pleadings do not require an adjudication of, and the judgment does not adjudicate, a title controversy. Title is only indirectly involved and this is not sufficient to give us jurisdiction. Federal Land Bank of St. Louis v. Bross, Mo.Sup., 116 S.W.2d 6.

In the oral arguments before this court the parties contended that the Supreme Court has jurisdiction because Counts I and II of appellants' counterclaim, in seeking specific performance of a contract to purchase real estate, directly involve title to real estate, in the sense necessary to give this court jurisdiction. It is true that an action seeking specific performance of a contract for the sale of real estate directly involves title to real estate, and gives this court appellate jurisdiction. Barr v. Snyder, Mo.Sup., 294 S.W.2d 4. Therefore, if appellants had preserved and pursued any alleged error of the trial court in denying them relief on Counts I and II of the counterclaim, this court would have jurisdiction of their appeal.

On this appeal appellants do not assert any error concerning Counts I and II of their counterclaim as a basis for relief. Their "Points Relied On" are only two, and are as follows:

"1. The trial court erred in admitting into evidence plaintiff's exhibits 6 and 7 because these are letters between attorneys attempting to compromise and settle this lawsuit and therefore are not admissible for any purpose," and

"2. The trial court erred in refusing to submit defendants' third counterclaim to the jury and specifically, in refusing defendants' instructions A, B, and C and forms of verdict, because defendants' counterclaim and the evidence made a submissible case against plaintiff for breach of contract and damages resulting therefrom."

The transcript reveals that exhibits 6 and 7 were offered and received in the trial had before a jury, which did not involve appellants' claims for specific performance. It is equally clear that the second point involves only Count III of appellants' counterclaim. Issues adversely determined in the trial court but not presented on appeal must be regarded as abandoned; and appellate jurisdiction depends upon live issues. Heuer v. Ulmer, Mo.Sup., 273 S.W.2d 169. In Stephens et al. v. Anth et al., Mo.Sup., 142 S.W.2d 1008, this court in holding that it had no jurisdiction stated that, on appeal, "failure to decree specific performance is not complained of, and so that feature of the case has been abandoned."

At the conclusion of the argument before this court the parties were requested to file a brief on the issue of our jurisdiction. Only appellants filed such a brief. In it appellants state that this court has jurisdiction because the issues which are not asserted in this appeal (involving Counts I and II of the counterclaim) are "so closely related" to the issues that *are* asserted on appeal "that this court must reverse the whole case." They cite only the case of Portell v. Pevely Dairy Co., Mo.Sup., 388 S.W.2d 790. In that case plaintiff sued James Bannon and his employer Pevely, alleging damages as a result of the negligent operation of a truck by Bannon, which resulted in a collision with plaintiff's vehicle. Bannon filed a counterclaim against plaintiff for his injuries in the same collision. In a jury trial there was a verdict against plaintiff and in favor of both defendants on the petition and in favor of Bannon and against plaintiff in the sum of $1,500 on the counterclaim. Plaintiff's motion for a new trial having been overruled, she appealed. Plaintiff's insurance carrier settled the counterclaim with Bannon, and he filed no brief on appeal. On the appeal plaintiff asserted that an erroneous instruction given the jury, authorizing a finding against her on the counterclaim if she failed "to keep and maintain the

control of her automobile at all times," was prejudicial to the proper consideration by the jury of plaintiff's claim for damages. This court agreed with her position, "in view of the interdependence of plaintiff's claim and the counterclaim." This court also referred to the "interdependence" of the claim and counterclaim in connection with its construction of the language contained in plaintiff's motion for new trial. The motion prayed for a new trial of both plaintiff's claim against Pevely and Bannon as well as of Bannon's counterclaim but her specifications of error did not point out against which defendant the error was asserted. She asserted, for instance, that the court erred in giving Instruction No. 4 in that it submitted plaintiff's failure to keep and maintain the control of her automobile at all times, and that it "is a charge of general negligence and is confusing and constitutes a roving commission." In construing the language of the motion for new trial the court said that the "interdependence" of the claim and counterclaim was such that the language could "be reasonably understood to apply to both segments of the litigation."

In the case at bar there is no ambiguity, and no room for construction, of the language employed by the appellants in formulating the issues on this appeal. All points raised by appellants clearly have to do only with respondent's claims against appellants and the claim contained in Count III of appellants' counterclaim. Furthermore, there is certainly not the interdependence between the claims for specific performance of contracts and legal issues tried to a jury in this case that there would be between a claim and counterclaim, each alleging primary negligence against the adverse party, and growing out of the same collision. Appellants' claims for specific performance were tried separately from the issues raised on this appeal, were tried before a different finder of fact, the claims were for relief different in nature, and the principles relied on to resolve the issues were different in significant respects.

It is our conclusion appellants have abandoned the only issues that might have otherwise given this court jurisdiction, and that in no event would this court have the power to require a retrial of those issues. The appeal is transferred to the Kansas City Court of Appeals.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.