**Arthur R. GEILER, Plaintiff-Respondent,**

**v.**

**George D. BOYER, Defendant-Appellant.**

**No. 25971.**

Missouri Court of Appeals,
Kansas City District.

July 25, 1972.

Robert J. Graeff, Kansas City, for defendant-appellant.

Philip Eveloff, Muster & Eveloff, St. Joseph, for plaintiff-respondent.

SHANGLER, Chief Judge.

The merits of this appeal, if reached, involve allegations of error that the $6,000 personal injury verdict for plaintiff was excessive and required remittitur, and that the causation between the accident and injury was not shown by competent medical

evidence. We dismiss the appeal for failure to comply with Civil Rule 84.04(c), (h), V.A.M.R. and do not reach the merits.

At the trial, the dispute was not as to defendant's liability, but whether plaintiff's low back strain was to be attributed to pre-existing spondylolisthesis or was, in fact, an aggravation of that condition. Plaintiff's medical evidence came from Dr. Morse, an orthopedist, and Dr. Seward, a chiropractor, both of whom testified that the trauma of the collision activated a pre-existing asymptomatic condition, resulting in the injury of which plaintiff complained.

Although it is to be fairly assumed that it was upon this evidence the jury returned its verdict for plaintiff, appellant's statement of facts edits much of the content of plaintiff's proof of the injury in order to present a view of facts favorable to his contention that the verdict and judgment were excessive. In doing so, appellant distorts the effect of Dr. Morse's testimony and completely ignores that of Dr. Seward. For instance, an entry in the records of Dr. Morse is given as: " 'I don't think we should get very excited about this guy and his back' ", when the full transcript context is: "Q. Now, on the 7th of April, doctor, would you read your record entry on that date? A. 'Patient returned. Still having some back difficulty. Put him in small back brace at this time to try and use this. It is just a simple belt rather than full brace. I don't think we should get very excited about this guy and his back. He does have very positive findings but just go along and see what happens. Return PRN' which means as necessary." Nor does the statement of facts contain reference to Dr. Morse's testimony that plaintiff would have to go to a full brace or undergo spi-

nal fusion if the symptoms persisted, with potentially serious consequences. There were numerous other kindred omissions.

Although appellant's statement of facts acknowledges that "(p)laintiff was examined three days before trial by a chiropractor", it makes no reference at all to the factual content of that testimony except to remark that the chiropractor "took no x-rays". It neglects Dr. Seward's findings that on the date of examination, muscle spasm in the lower back was palpable, that plaintiff could not then walk with a normal gait, his ability to bend was limited more than 50%, and that the condition he diagnosed as acute lumbosacral back sprain had been precipitated by the accident.

■■ The provision of Civil Rule 84.-04(c), V.A.M.R., that: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument" is intended to "afford an immediate, accurate, complete and unbiased understanding of the facts of the case". Wipfler v. Basler, Mo., 250 S.W.2d 982, 984 [3]. Appellant's statement which emphasizes facts favorable to himself and omits others essential to the position of the respondent plaintiff is not a substantial compliance with that rule. In re Adoption of P.J.K., Mo.App., 359 S.W.2d 360, 363 [3].

■ At oral argument, appellant conceded this inadequacy of his brief. We note here that it is defective, also, in that the argument portion of the brief does not have, throughout, specific page references to the transcript. Civil Rule 84.04(h), V.A.M.R.

The appeal is dismissed.

All concur.