**Helen BOHNING, Plaintiff-Respondent,**

**v.**

**Paul HEGERFELD and Maxine Hegerfeld, Defendants-Appellants.**

**KCD 25173.**

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

Carl F. Sapp, Scott Orr, Sapp, Woods, Dannov & Orr, Columbia, for defendants-appellants.

Jerome W. Seigfreid, Edward D. Hodge, Edwards, Seigfreid & Runge, Mexico, for plaintiff-respondent.

Before SHANGLER, C. J., and CROSS, DIXON, PRITCHARD, SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

This suit in ejectment is before this Court for the second time. After the original submission the case was transferred to the Supreme Court, on the theory that title to real estate was involved. The Supreme Court held that title was not directly involved because of the abandonment of certain issues by appellants, and it therefore retransferred the case to this Court. Bohning v. Hegerfeld, Mo., 470 S.W.2d 491.

The litigation arises from negotiations in early 1966 for the sale of a farm. Plaintiff, respondent here, was the owner; defendants, appellants here, were the prospective purchasers. Plaintiff had employed a Mrs. Stephens as her agent for the sale of the property.

On April 9, 1966, the parties executed a Real Estate Contract which had been pre-

pared by Mrs. Stephens. As provided by the terms of that agreement, the defendants delivered a down payment of $4,000.00. Although the Contract called for possession to be given at the time of closing, nevertheless, at defendants' request plaintiff delivered possession of the farm to the defendants before a closing could take place.

The parties met again in Mrs. Stephens' office for the purpose of closing on May 16, 1966. At that time Mrs. Stephens presented a Contract for Deed, which varied from the terms of the April Real Estate Contract. The principal differences were that the new instrument did not provide for an immediate delivery of a warranty deed and execution of note and deed of trust; and an interest payment which would be due in November, 1966, under the note called for by the original contract, would not be due at that time under the new Contract for Deed. The defendants signed the Contract for Deed so presented, but plaintiff declined to do so. Notwithstanding her refusal to sign, plaintiff took the Contract for Deed bearing the defendants' signature, recorded it, and delivered the instrument to her banker.

The parties are in dispute concerning what transpired between them during the period from May until November, 1966. Plaintiff testified that she made various efforts to work out the dispute in accordance with the original agreement. While defendants denied any tender of a deed by plaintiff to them pursuant to the original contract, and although they had been advised by their lawyer subsequent to May 16, 1966, that the May Contract for Deed was "no good", nevertheless they took no affirmative steps themselves to regularize the situation.

In November, 1966, defendants did send their check for $300.00 to the plaintiff, purportedly as a principal payment on their purchase obligation. In response, plaintiff had her banker write to the defendants acknowledging receipt of the $300.00, but requesting in addition, payment of six months interest in the sum of $735.00, in accordance with the terms of the note which was to have been given by defendants under the April Real Estate Contract. No response being made by defendants to that demand, plaintiff, through her attorney, gave notice of default on February 10, 1967, and declared the Real Estate Contract at an end. The notice further demanded that defendants vacate the premises within ten days. That notice was followed by a letter from plaintiff's banker to the defendants, also notifying them that the Contract was in default and that all of the defendants' rights had terminated.

When defendants still made no response to these demands, plaintiff filed suit in two counts. Count I alleged breach by defendants of the April 9, 1966 contract, and prayed a declaration that the contract was void and that plaintiff was entitled to the $4,000.00 down payment as liquidated damages. Count II sought recovery of the land together with $5,000.00 damage for withholding of possession and $5,000.00 for rents and profits. Defendants filed answer in which they admitted that they were bound by the contract of April 9, 1966, but denied any breach thereof on their part. Additionally, defendants filed a counterclaim in three counts. Count I sought specific performance of the April Real Estate Contract; Count II sought specific performance of the May Contract for Deed; and Count III sought in the alternative, in the event the allegations of Counts I and II of the counterclaim were not sustained, return of the $4,000.00 down payment.

A trial of the equitable issues under Counts I and II of the counterclaim was held separately and preliminary to trial of the legal issues. Evidence was fully presented, after which the trial court entered the following order: "Judgment for Plaintiff on Counts I and II of Defendants' Counterclaim. Trial on Legal Issues set for July 10, 1968."

Thereafter, a trial of all other issues in the case was held before a jury. Evidence was introduced with respect to the events

hereinabove narrated, and in addition, plaintiff offered evidence to show that the value of the farm had been depreciated during the period of defendants' possession by bad farming practices, that there had been physical damage to the chicken house, and that certain walnut trees had been cut down and sold. There was also evidence that the defendants got the crops from the land for the years 1966 and 1967. The jury rendered a verdict in favor of the plaintiff for possession and damages in the sum of $1.00.

On this appeal, defendants make no complaint of the judgment adverse to them on Counts I and II of the counterclaim. The scope of our review is therefore limited to the following points which defendants do urge as error: (1) the admission in evidence of certain letters exchanged between counsel, which defendants contend constitute a privileged attempt to settle the controversy; and (2) the refusal of the trial court to give Instructions A, B and C, requested by the defendants.

I

The correspondence to which defendants object consists of two letters. The first is a letter from defendants' counsel offering to compromise on the basis of paying less than the full interest which would have been due had the various instruments (including the promissory note) been executed in May, 1966, as called for by the April contract. The second letter is the response from plaintiff's counsel counter offering that the parties perform in full on the basis of the closing documents which should have been executed. Defendants insist that this exchange of correspondence should have been excluded under the familiar public policy of treating offers in compromise as privileged. Plaintiff, on the other hand, contends that the letters are admissible because defendants themselves had opened up the issue of whether plaintiff had ever offered to execute a deed, and further because the question of

tender on the part of the plaintiff constitutes an "independent fact".

It is unnecessary to decide between the foregoing contentions. Even assuming that it was erroneous to admit the correspondence in question, nevertheless any such error was harmless, since the jury verdict gave to plaintiff no more than that to which she is entitled as a matter of law under the instructions submitted.

The only basis on which the defendants could insist on staying in possession of the land, over demand by plaintiff that they vacate, would be on the basis of their right to specifically enforce one or the other of the contracts signed by them. However, their right to specifically enforce either of those contracts was decided against them by the trial court on the separate hearing of the equitable issues. No assignment of error has been made with respect to that ruling, with the result that all contentions by the defendants with respect to those issues have now been abandoned. That is now the law of the case by the ruling of the Supreme Court in Bohning v. Hegerfeld, Mo., 470 S.W.2d 491, l.c. 493.

Consequently, the remaining in possession by defendants after the demand by plaintiff that they remove was wrongful. In view of that wrongful retention of possession, plaintiff was and is entitled, regardless of anything else, to a judgment of possession and at least nominal damages. That being all which the jury in this case actually gave to the plaintiff, any error in the admission of evidence could not have been prejudicial to the defendants.

Defendants suggest in their brief that they were "particularly prejudiced in that they were pursuing a counterclaim for damages." However, no instruction was submitted to the jury authorizing such recovery of damages by the defendants, and therefore no such award could properly have been made by the jury. The defendants' claim of prejudice concerning this evidence can be correct only if they are also correct in their contention that they were

entitled to an instruction authorizing an affirmative award of damages to them. It is defendants' burden to demonstrate in a proper fashion before this Court error by the trial court in refusal to give such an instruction. For the reason set forth in Point II of this opinion, defendants have failed to do so.

Rule 84.13(b) V.A.M.R. requires that no judgment be reversed except for error "materially affecting the merits of the action". This rule merely codifies the common law rule relating to harmless error, under which it has been held that any error in the receiving or rejecting evidence will not cause reversal where the verdict returned and judgment rendered were the only verdict and judgment which the law would uphold. Summers v. Peoples Elevator Co., Mo.App., 136 S.W.2d 81, l.c. 83; Mo.Dig., Appeal & Error, Under these principles, the reception of the correspondence in question cannot constitute reversible error.

## II

██ ·Requested Instructions A, B and C, the rejection of which constitutes the basis of defendants' second complaint, relates to defendants' claim for damages under Count III of their counterclaim. Rightly or wrongly, the trial court did submit Instruction No. 5 requested by the defendants, which treated the subject matter of Count III (if believed by the jury) as a complete defense to plaintiff's cause of action. Instruction No. 5 being favorable to them, defendants naturally do not and cannot complain of that. However, they contend that they were entitled to some further instruction, under which the jury could have awarded them affirmative damages. Such was the common purpose of each of the requested Instructions A, B and C, although these three instructions appear to proceed on different and perhaps conflicting theories. Plaintiff argues that the instructions in question were not proper and are barred by the principles of res judicata and election of remedies.

The resolution of these arguments is unnecessary and unwarranted, since this point has not been properly presented by the defendants. Rule 84.04(e) requires that any point relating to the refusal of instructions must set forth such instructions in full in the argument portion of the brief. This defendants have failed to do.

The judgment is affirmed.

All concur.