**Wallace GLICK et al., Appellants,**

v.

**Charles James HARRIS et al., Respondents.**

**No. KCD 26504.**

Missouri Court of Appeals,
Kansas City District.

Dec. 2, 1974.

Motion for Rehearing and/or Transfer
Denied Dec. 30, 1974.

Application to Transfer Denied
Feb. 10, 1975.

Elwyn L. Cady, Jr., Independence, for appellants.

Morris H. Kross, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for respondent Ballentine Produce, Inc.

John R. Caslavka, Shughart, Thomson & Kilroy, Kansas City, for respondents Charles James Harris & C. J. Harris.

Thomas A. Sweeny, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for respondent Reed.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

This appeal presents the complicated litigation of three wrongful death actions. These actions, consolidated and tried during the week of October 16, 1972, result from a highway event of October 14, 1962. The jury returned verdicts for the defendants on each submission and appeal is tak-

en from the judgments entered accordingly.

At the outset, we are met by the complaint of each respondent that the statement of facts which appellants offer in their brief is so truncated as to be unfair and in violation of the rules of appellate procedure. We enter our judgment of dismissal of the appeals, but do not labor the reasons. Counsel for the appellants has had the benefit of our previous expressions and has felt the sanction of previous dismissals. [See, particularly, Power v. Automobile Club Inter-Insurance Exchange, Mo.App., 516 S.W.2d 541, 1974.] The general bar has responded to the tocsin sounded by the appellate courts that an effective administration of justice cannot tolerate gross neglect of the rules of procedure on appeal, and our further comment by full opinion is not warranted.

It is sufficient to say that the evidence in this litigation, which took the week to try and is compiled in more than six hundred pages of transcript, is reduced to this recitation in the brief of appellants:

Marvin Glick and two of his three minor sons met their deaths on then Highway 71 By-Pass between Independence and Liberty, Missouri on the evening of October 14, 1962 (187, 197, 211, 213). First came the collision of defendant Ballentine's tractor-trailer, some 63,000 pounds (122) with the fatal Glick car, throwing the father and the two sons out upon the pavement; they were then struck by cars of the other defendants (365–366, 371–372, 459, 475). Each .impact did grave bodily harm, the sum-total of the various impacts to the father and sons resulting in death under the expert testimony adduced.

Yet, even the most rudimentary consideration of the issues presented for our review require the statement of these other facts which plainly appear in the record:

On that night, Marvin Glick, in a state of high intoxication, drove his vehicle south along the two-lane highway at a rate of speed estimated at between 70 and 85 miles per hour at impact. As Glick moved around a curve and attempted to pass the car in front of him, his vehicle veered into the northbound lane and then back into the southbound lane, a pattern which was repeated several times.

As the truck of the defendant Ballentine was approaching from the south, the driver observed the erratic movement of the Glick car, reduced his speed and attempted to move the truck onto the shoulder of the north bound lane, which was too narrow to accommodate it fully. The Glick car entered the northbound lane and collided with the Ballentine truck. The point of impact was within six feet of the east edge of the northbound lane of the highway.

The truck came to rest down the east embankment some 300 feet northeast from the point of collision. The Glick vehicle also ended up off the highway, some 75 feet north and west of the point of impact, with substantial damage showing to the front end. Beer cans were found in the Glick car and on the shoulder area where the car had come to rest. The blood sample removed from Glick after his death revealed a .206 alcohol content. Shortly after this collision, the northbound vehicle of C. J. Harris approached the scene, and there was evidence that this vehicle struck one or more of the Glick bodies on the highway.

Next came the vehicle driven by W. C. Reed, northbound. Mrs. Reed observed what appeared to be a bundle on the side of the road, but was actually a body. Mr. Reed moved the car to avert it. His headlights picked up another object, and he applied his brakes and was struck from the rear. There was no evidence that Reed hit any of the bodies.

There was no evidence that any of the decedents were alive after the original impact.

These additional facts, we iterate, are the minimum reference for an informed determination of the error assigned on appeal. Nor in the absence of such a statement, can a court of review determine the sufficiency of the submission against defendants Reed and Ballentine Produce, Inc., challenged by each such respondent.[1]

Accordingly, the appeal is dismissed for failure to comply with Rule 84.04(c), V.A.M.R.

All concur.

1. The first petition was brought by Wallace Glick against defendants Harris and the estate of Reed, then deceased, for the wrongful death of his father, Marvin Glick. The other two petitions were brought by the widow Glick for the deaths of her unmarried minor sons, Robert and Philip against Harris, Reed and Ballentine Products, Inc. The service of process attempted upon defendant Harris was quashed by the trial court and the causes proceeded to judgment against the remaining defendants only.