Millicent L. DORS, Plaintiff-Appellant,

v.

William J. WULFF et al., Defendants-Respondents.

No. 9723.

Missouri Court of Appeals, Springfield District.

April 10, 1975.

Gary Eldredge, Eldredge & Sterling, Kansas City (John W. Newhart, Newhart & Newhart, Savannah, on brief), for plaintiff-appellant.

William E. Brandecker, Columbia, P. Pierre Dominique, Jefferson City, for defendants-respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

PER CURIAM:

By deed executed September 28, 1970, plaintiff (as sole grantor) conveyed eleven lots to defendants. On the same day, plaintiff and one Denton et uxor executed

a deed granting defendants certain roadway easements. Thereafter on January 15, 1973, plaintiff filed this suit against defendants to set aside the two deeds because of alleged fraud and lack of consideration. Denton and wife were not included as parties. The court nisi entered judgment for defendants January 25, 1974, and overruled plaintiff's timely motion for new trial and for order to set aside the judgment on April 12, 1974. Six days later plaintiff filed notice of appeal "from the judgment entered . . . on the 12th day of April, 1974."

■ "The right of appeal shall be as provided by law" (Rule 81.01, V.A.M.R.), but § 512.020 RSMo 1969, V.A.M.S., does not provide for an appeal from an order overruling a motion for new trial. Plaintiff should have appealed from the judgment entered January 25, 1974, not from the nonappealable order made April 12, 1974. Mills v. Berry, 395 S.W.2d 228, 231[8] (Mo.App.1965). However, as we attribute to plaintiff a good faith effort to appeal from the judgment, her notice of appeal shall be so treated. World Franchisers, Inc. v. Birk, 456 S.W.2d 606, 607 (Mo.App.1970).

Our next consideration with this appeal is defendants' motion to dismiss it for plaintiff's failure to comply with Rule 84.04 in preparation of her brief. Defendants say plaintiff's brief, contrary to Rule 84.04(c), does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument" nor "a proper statement of points relied on" [mislabeled "Points and Authorities"], as required by Rule 84.04(d), because that section of the brief wholly fails to show "what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." We note, sua sponte, that plaintiff sorely neglected Rule 84.04(h) which instructs: "All statements of fact and argument shall have specific page references to the transcript on appeal."

■ The "Statement of Facts" is principally devoted to the time, place, signing and recording of the various instruments involved, and to reciting the dates various pleadings, judgments and orders were filed and entered. Restricted to a reading of the statement of facts in plaintiff's brief, no one could gain an insight into the evidentiary facts apropos of the issues, whatever they might be. This portion of the brief contains only eight references to the transcript; six of these refer to the location of pleadings, judgments, orders and the notice of appeal, while one, purporting to locate a statement of fact, directs the peruser to a petition allegation that was denied by the answer and escaped existence when it was not proved. In the argument part of plaintiff's brief she scatters a scant seven references to transcript pages. The provisions of Rule 84.04(c) and (h) were intended to afford a quick, accurate and complete understanding of the facts and issues in the case, and a ready directory to the transcript on appeal where the testimony and evidence relative thereto can be found. Geiler v. Boyer, 483 S.W.2d 773, 774[1, 2][3] (Mo.App.1972). Plaintiff's brief in the areas just noted is not in substantial compliance with the rules.

■ In plaintiff's brief the lone point is that the court erred in its judgment because "the evidence required a cancellation of the instruments enumerated on the grounds of lack of consideration authorized by Appellant and fraud; and for the further reasons of Appellant's advanced age, physical infirmities and circumstances surrounding the transaction." Merely asserting what alleged errors are without stating "why" they are errors neither satisfies Rule 84.04(d) nor preserves anything for review. Chambers v. Kansas City, 446 S.W.2d 833, 841[14] (Mo.1969); Freshour v. Schuerenberg, 495 S.W.2d 116, 118 (Mo.App.1973). The requirements of Rule 84.04(d) are mandatory [M & A Electric Power Cooperative v. Nesselrodt, 509 S.W.2d 468, 470[1] (Mo.App.1974)] and are

just as applicable to appellate review of court-tried cases as in the other kind. Boyd v. Boyd, 459 S.W.2d 8, 12[9] (Mo.App.1970). "Why" the evidence may have required cancellation of any instrument for lack of consideration and fraud is left for us to guess. "Why" plaintiff's advanced years (a purely relative term) had any effect on the issues is relegated to speculation. How plaintiff's unspecified and unrelated physical infirmitives or the undefined circumstances surrounding the transaction were enmeshed with any error the trial court may have committed is left for us to ponder. The Court of Appeals is not obliged to seine the argument portion of an appellant's brief nor search the transcript on appeal in an effort to ascertain the meaning of a point relied on which amounts to nothing more than an abstract assertion. In re Estate of Barks, 488 S.W.2d 928, 930[5] (Mo.App.1972). When points on appeal are not recognizable from the appellant's brief, the court is unwilling to speculate. Butterbaugh v. Public Water Supply Dist. No. 12, 512 S.W.2d 445, 447[6] (Mo.App.1974).

■ To quote Ward v. Johnson, 480 S.W.2d 104, 107 (Mo.App.1972), the "Rules of Civil Procedure are the result of decades of experience, refinement, review and simplification, calculated to promote and speed the processes of justice. There are valid reasons for each of them. They are calculated to serve the interests of justice and thus of all our citizens. They should and must be substantially followed and not disregarded. The courts in the past have meticulously pointed up the reasons for each rule, laid down simple examples and guidelines, and indulged in generous forgiveness and excuse for deviation. But modern realities no longer permit a disregard of these standards by either the bench or the bar." Although we conclude that because of plaintiff's failure to comply with Rule 84.04 the defendants' motion to dismiss the appeal should and will be sustained, we have gratuitously conned the

briefs, the transcript on appeal, the exhibits, and the citations of authority without detecting any reason why the trial court did not reach the proper result in the cause.

The appeal is dismissed.

All concur.