Terzah Irene COPE and William H. Cope, Plaintiffs-Appellants,

v.

Jack McCLAIN, also known as Earl Jackson McClain, Defendant-Respondent.

No. 35945.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 5, 1975.

Motion for Rehearing or Transfer Denied Oct. 22, 1975.

---

Henry Gerhardt, Bruer & Rollings, St. Charles, for plaintiff-appellant.

Robert E. Morley, O'Fallon, for defendant-respondent.

PER CURIAM.

This is an action for damages by Terzah Cope and William H. Cope, her husband, for

injuries and damages sustained as the result of an alleged battery on Terzah Cope by Jack McClain, her brother. There was a jury verdict for the defendant from which Terzah Cope and William H. Cope appeal. We regret, that we must once again, dismiss an appeal.

Plaintiff's first point reads:

"The trial court erred in giving instruction No. 4, the defendant-respondent's self defense instruction for the reason that there was no substantial evidence to support such a self defense instruction."

Rule 84.04(d) requires that "the points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous . . ." As far back as 1957 an assignment of error almost verbatim to the one above stated was held not to be in compliance because it fails to specify and designate wherein and in what respects the instruction is not supported by the evidence. *Lewis v. Watkins,* 297 S.W.2d 595 (Mo.App.1957).

Appellant is also derelict in the preparation of his brief in failing to set out in full the instruction which he seeks the court to review, in violation of Rule 84.04(e) which provides . . . " . . . If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief . . ." Failure to comply with this Rule requires that this point not be considered. *Bohning v. Hegerfeld,* 488 S.W.2d 297 (Mo.App.1972).

The only other assignment is:

"The trial court erred and abused its discretion in failing to grant plaintiffs-appellants a new trial for the reason that the verdict was against the greater weight of the evidence. The verdict is against the law, against the evidence and against the laws applied to the evidence, because there is no substantial evidence to support the verdict."

Such an assignment presents nothing for our review, *State v. Jackson,* 477 S.W.2d 47, 53 (Mo.1972); *Lewis v. Watkins,* supra. In fact when one says that the verdict is against the greater weight of the evidence it implies that there is some evidence to support the verdict. *Nutz v. Shepherd,* 490 S.W.2d 366, 369 (Mo.App.1973). To then say that the reason that the verdict is against the weight of the evidence is because there is no substantial evidence to support the verdict is a contradiction in terms.

What was said by Judge Lamm in *Sullivan v. Holbrook,* 211 Mo. 99, 109 S.W. 668, 670 (1908) bears repeating at this time:

"The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure."

See also *Ambrose v. M. F. A. Co-operative Ass'n,* 266 S.W.2d 647 (Mo. banc 1954); *Lewis v. Watkins,* supra, and the concurring opinion of Simeone, P. J. in *Cole v. Cole,* 516 S.W.2d 518, 521 (Mo.App.1974).

Not only does the violation of the Rule place an additional hardship upon the appellate courts but more importantly it places a heavy burden upon opposing counsel who should not be required to restate the facts and to guess at the issues to which he must respond and which may ultimately be the basis for the ruling of the court. As was said in *Cole,* supra, we are "sympathetic with the great demands on the time of counsel", but opposing counsel also have great demands upon their time and it is with them that we must extend our greater degree of sympathy.

We must demand compliance with these simple rules in order to attain a fair and expeditious disposition of the mass of litigation flowing through our courts. *Donnell v. Vigus Quarries, Inc.,* 489 S.W.2d 223 (Mo. App.1972).

The appeal is dismissed.

All Judges concur.