**STATE of Missouri, Respondent,**

v.

**Jud Flynn WHITE, Appellant.**

**No. 9839.**

Missouri Court of Appeals, Springfield District.

Oct. 3, 1975.

Motion for Rehearing or To Transfer to the Supreme Court was Denied Oct. 23, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Dee Wampler, Wampler & Wampler, Springfield, for appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

A Greene County jury found defendant Jud Flynn White guilty of selling marijuana and fixed his punishment at five years in the custody of the Department of Corrections. Following an unsuccessful motion

for new trial, allocution was granted and defendant was formally sentenced. In this appeal ten alleged errors are asserted by the defendant as grounds for reversal, but for the reasons which follow we affirm.

The sufficiency of the evidence to support the verdict of the jury is not questioned, and a brief statement of facts giving rise to the charge against the defendant and his resultant conviction will suffice.

At about 10:40 p. m. on October 15, 1973, two undercover narcotics agents, Trooper D. W. Lipp of the Missouri State Highway Patrol and Deputy Sheriff Bill McConnell of the Greene County Sheriff's Office, met Dan Gullet and Jim Odzark at Gullet's apartment in Springfield, Missouri. The two officers had previously purchased narcotics from Gullet and had arranged this meeting to complete negotiation for the purchase of a large quantity of marijuana. By 11:00 p. m. Gullet agreed to sell the officers 27 kilograms of marijuana for $75.00 per pound. Gullet, Odzark and the two officers left the apartment and walked to a public telephone booth from which Gullet made a telephone call. Immediately after completing this call, Gullet told the officers he would go pick up the quantity of marijuana and they were to meet him and "his contact" at 12:15 a. m. on the southwest corner of the parking lot of the Fountain Plaza Apartments in Springfield where the officers maintained an "undercover apartment." It was agreed that Odzark would remain with the officers and accompany them to the meeting.

When the officers and Odzark arrived at the designated meeting point in an unmarked patrol car, Gullet and the defendant were sitting in Gullet's parked pickup truck. The five men got out of the vehicles and walked to the rear of the truck. Gullet stated the marijuana was in a large wooden box in the back of the truck. Deputy McConnell slid the box to the rear of the truck bed and began to open it, but the defendant protested there was too much traffic on the parking lot and said the box should be taken inside the apartment building before it was opened. The defendant and Deputy McConnell, accompanied by Gullet, Odzark and Trooper Lipp, carried the box into the apartment rented by the officers.

Inside the apartment the defendant asked Deputy McConnell if he had the money. The deputy replied, "Yeah, I have it." and showed the defendant an envelope containing $4,000.00. Defendant reached for the envelope, but McConnell pulled it back and asked to see the marijuana. Defendant then opened the wooden box and placed 27 packages wrapped in brown paper on a coffee table. Deputy McConnell walked to the dining room table and counted out $4,000.00. Odzark noted this sum was $70.00 short of the agreed price whereupon McConnell took this latter sum from his billfold and added it to the money on the table. At this point the defendant reached to pick up the money. McConnell and Lipp announced they were police officers and placed Gullet, Odzark and the defendant under arrest.[1]

The packages defendant had placed on the coffee table were replaced in the wooden box and taken to police headquarters. Later that morning a police chemist randomly selected five of the 27 packages for analysis of their contents. Each of these packages weighed about two pounds and contained marijuana.

■ In this appeal we are initially confronted with the defendant's failure to comply with Rule 84.04 in the preparation of his brief filed herein. The deficiencies and defects of the brief do violence to the require-

---

1. Both Gullet and Odzark were armed with loaded revolvers. The transcript indicates that prior to the defendant's trial Gullet had entered a plea of guilty to selling controlled substances. Odzark's appeal of his conviction for carrying a concealed weapon is presently pending in this court.

ments of paragraphs (b), (c), (d), (e) and (h) of Rule 84.04 as hereinafter noted.[2]

The jurisdictional statement is inadequate since it fails to ". . . [S]et forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of . . . the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b).

The statement of facts consists of six sentences. Only two of the sentences contain transcript page references. Rule 84.04(c) calls for a fair and concise statement of the facts relevant to the questions presented and paragraph (h) of the Rule requires transcript page references to be included in the statement.

The points relied on fail to advise us *wherein* and *why* actions or rulings of the trial court sought to be reviewed are claimed to be erroneous, and in the main are abstract statements of law without any showing how they are related to any action or ruling of the lower court. Rule 84.04(d).

Points I, IV, and V(B) purport to attack two instructions given by the court. The instructions are not set forth in the argument portion of the brief as mandated by Rule 84.04(e).

Points II, III, V(A), V(B), V(C), V(D), V(E) and V(F) were not included in defendant's motion for new trial and thus not preserved for appellate review. Rule 27.20(a), 28.02, 70.02; *State v. Rennert*, 514 S.W.2d 579 (Mo.1974); *State v. Grey*, 525 S.W.2d 367 (Mo.App.1975). Nevertheless, defendant urges us to invoke the plain error provision contained in Rule 27.20(c) as to the matters mentioned in the six points listed under point V.

■■ Defendant recognizes the invocation of the plain error rule is directed to the discretion of the court and is available to a defendant in a criminal case when the court "deems that manifest injustice or miscarriage of justice has resulted" from plain errors affecting substantial rights. However, before the plain error doctrine comes into play, there must be a " 'sound, substantial manifestation . . . a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked.' " *State v. Caffey*, 457 S.W.2d 657, 660 (Mo.1970). And, when guilt is established by overwhelming evidence, no injustice or miscarriage of justice will result in a refusal to invoke the plain error doctrine. *State v. Hurtt*, 509 S.W.2d 14 (Mo. 1974).

■ We have carefully read the original transcript filed herein by trial counsel and the supplemental transcript filed by counsel employed on appeal with the foregoing principles in mind. We find no basis for reviewing the various assignments as plain errors because they are lacking in merit and did not result in injustice or a miscarriage of justice. Additionally, as the facts related herein attest, the defendant's guilt of the crime charged was established by the state by overwhelming evidence. We decline review under Rule 27.20(c).

Rule 28.18 provides the Rules of Civil Procedure, with exceptions not here involved, are to be followed and govern in the appeals of criminal cases. Consequently, Rule 84.04 applies equally as well to the preparation of briefs in criminal appeals as in civil appeals. While evidencing a reluctance to do so, and in case after case overlooking clear violations of Rule 84.04 and ruling the appeal on its merits, the appellate courts of this state are finding it more and more necessary to require and demand observance of and compliance with the rules governing appeals. Dismissal of civil cases for non-compliance with Rule 84.04 is becoming more commonplace.[3] In a recent

---

**2.** Defendant's reply brief reargues points covered in his main brief, contrary to Rule 84.04(g).

**3.** E. g., *Robbins v. Meyers*, 412 S.W.2d 504 (Mo.1967); *Cope v. McClain*, 529 S.W.2d 6 (Mo.App.1975); *Dors v. Wulff*,

decision [*Cope v. McClain*, 529 S.W.2d 6 (Mo.App.1975)] our St. Louis brethren recalled the words of Lamm, J., in *Sullivan v. Holbrook*, 211 Mo. 99, 104, 109 S.W. 668, 670 (1908):

"The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure."

We recently had occasion in *State v. Blankenship*, 526 S.W.2d 78 (Mo.App.1975), to note the tripling of the number of civil and criminal appeals to this court since the expansion of our jurisdiction by Constitutional Amendment and decisions of our Supreme Court. Approximately one-third of the appeals lodged with us in the 1974–75 judicial year were criminal appeals; and just as "We must demand compliance with these simple rules in order to attain a fair and expeditious disposition of the mass of litigation flowing through our courts" [*Cope v. McClain*, supra] in civil cases, we believe the time long overdue to apply the same principle and insist on obedience to the rules in criminal cases. Otherwise, as Judge Lamm sagely observed nearly three-quarters of a century ago, the rules should be done away with once and for all.

Notwithstanding our firm conviction that this appeal should be dismissed for the reasons stated, we are admonished by Rule 28.02 we must review the "sufficiency of the information or indictment, verdict, judgment and sentence" even though allegations of error concerning such matters were not raised in the trial court or preserved for our review. We have, accordingly, examined the transcript concerning these matters. The information is sufficient in form and substance, as is the verdict of the jury. The defendant was afforded allocution. The sentence is within the statutory range of punishment and the judgment and sentence sufficient in form and substance.

The judgment is affirmed.

All concur.

522 S.W.2d 325 (Mo.App.1975); *Graff v. Montileone,* 523 S.W.2d 131 (Mo.App.1975); *Glick v. Harris,* 518 S.W.2d 227 (Mo.App. 1974); *Power v. Automobile Club Inter-Insurance Exchange,* 516 S.W.2d 541 (Mo. App.1974); *Kerr v. Ehinger, Inc.,* 515 S.W.2d 763 (Mo.App.1974); *Hampton v. Gilmore,* 511 S.W.2d 442 (Mo.App.1974); *Donnell v. Vigus Quarries, Inc.,* 489 S.W.2d 223 (Mo.App.1972).