**GREATER MISSOURI BUILDERS, a corporation, Plaintiff-Appellant,**

v.

**Charles F. BLATTNER et al., Defendants-Respondents.**

No. 38126.

Missouri Court of Appeals, St. Louis District, Division Two.

July 5, 1977.

Motion for Rehearing and/or Transfer Denied Sept. 12, 1977.

Rader & Richey, William S. Rader, Cape Girardeau, for plaintiff-appellant.

Stephen N. Limbaugh, John L. Oliver, Jr., Cape Girardeau, for defendants-respondents.

PER CURIAM.

This is an action for damages for breach of a real estate sales contract, plaintiff seeking damages in the amount of $200,-

000.00 and also seeking recovery of $49,-000.00 escrow money. Defendants filed a counterclaim for money damages of $100,-000.00, plus recovery of the $49,000.00 escrow money. The trial court ruled against plaintiff on its petition and against defendants on their counterclaim, and ordered a release of the $49,000.00 escrow money to defendants. From this judgment plaintiff appeals. Due to major deficiencies in the plaintiff's brief, we are required to dismiss the appeal.

■ Rule 84.04(c) requires that the statement of facts be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." The statement of facts in plaintiff's brief is comprised essentially of seventeen pages of verbatim recitation of the terms of the contract and the addenda thereto. A page and a half is devoted to the very brief presentation of some other facts including paraphrasing of the pleadings in the case. This presentation of facts neither meets the standards of fairness and conciseness of Rule 84.04(c) nor is it adequate to resolve the questions presented for determination. *Graff v. Montileone*, 523 S.W.2d 131 (Mo.App.1975); *Glick v. Harris*, 518 S.W.2d 227 (Mo.App.1974). Furthermore, the statement of facts section of plaintiff's brief is defective in its lack of sufficient specific page references to the transcript, as required by Rule 84.04(h). *Stephan v. World Wide Sports, Inc.*, 539 S.W.2d 591 (Mo.App.1976); *Dors v. Wulff*, 522 S.W.2d 325 (Mo.App.1975).

■ Plaintiff's brief is also inadequate in the lack of citations of authority following Points I, II, and V of the Points Relied On. Under Rule 84.04(d), the absence of citations of authority following a point relied on is grounds for the court's finding that point abandoned. *Earney v. Clay*, 516 S.W.2d 59 (Mo.App.1974); *Holtmeyer v. Scherer*, 546 S.W.2d 29 (Mo.App.1976).

■ In regard to the adequacy of the points relied on, Rule 84.04(d) requires that: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." Point I of plaintiff's brief states: "The Trial Court Erred in Finding Appellant Planned to Default on the Contract After Purchase of the Two-Acre Tract." Point II states: "The Trial Court Erred in Finding Blattners Did Not Breach the Contract on November 27, 1974, Regarding the Two-Acre Tract." Point III reads: "The Trial Court Erred in Finding Appellant Should Have Tendered Purchase Price to Blattners." Point IV contends that the "Trial Court Erred in Ordering Escrow to Pay Blattners $49,000.00." Point V states simply that "Appellant Had Contractual Rights to Buy Two-Acre Tract from Blattners." These points relied on completely fail to state or explain why the rulings of the court are erroneous, and such a failure is clearly grounds for dismissal under the mandate of Rule 84.04(d), which is to be strictly applied. *Cope v. McClain*, 529 S.W.2d 6 (Mo.App.1975); *Haywood v. Haywood*, 527 S.W.2d 36 (Mo.App.1975); *Matter of Estate of Langford*, 529 S.W.2d 31 (Mo.App.1975).

■ Although the dismissal of an appeal is a harsh course, reasonable compliance with the rules is essential for effective functioning of the appellate courts. The rules themselves are reasonable and have a significant purpose for both the court and opposing counsel. The plaintiff's brief is not marred by simply a minor or solitary flaw, but rather contains several inadequacies which under Rule 84.04 render it fatally defective.

The motion to dismiss the appeal for failure to comply with Rule 84.04 is hereby sustained. The appeal is dismissed.

All the Judges concur.