**Favis Clay MARTIN, Plaintiff-Appellant,**

v.

**CIRCUIT COURT OF the CITY OF ST. LOUIS, Missouri, Lester A. Aubuchon and Celina Aubuchon, Defendants-Appellees.**

No. 37269.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Oct. 17, 1978.

Daphne A. Carter, The Legal Aid Society of the City & County of St. Louis, St. Louis, for plaintiff-appellant.

Mark I. Bronson, Newman & Bronson, St. Louis, for defendants-appellees.

PER CURIAM.

Favis Clay Martin, father of Michael Henry Clay Martin, appeals from an order of the Circuit Court of the City of St. Louis dismissing, for failure to state a claim upon which relief could be granted, his pro se "bill for review" which sought vacation of an adoption decree granted as to his son Michael. As grounds for the vacation, appellant alleges the invalidity of a Texas court order terminating his parental rights.

Appellant's brief fails to comply with Rule 84.04(d) which provides that the "points relied on shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and *wherein and why* they are claimed to be erroneous . . . ." (Emphasis added).

Each of appellant's three points relied on states briefly, although very generally, what action of the trial court is alleged to be erroneous, but fails to say concisely wherein and why the court erred.

■ Appellant's first point relied on reads: "The court erred in denying appellant's bill for review because appellant stated a claim for which relief could be granted." However, appellant fails to state specifically what allegations in his "bill for review" support his contention that the trial court erred in dismissing his pleading.

■ Point II reads: "The court erred in granting full faith and credit to an invalid Texas termination order which denied appellant procedural and substantive due process." Again, the point contains no specific reasons to support this conclusory claim, nor any basis, factual or otherwise, for a refusal by the courts of Missouri to grant full faith and credit to the Texas judgment. In other words, appellant failed to indicate wherein and why the court erred.

■ In Point III of his brief, appellant alleges error in the failure of the trial court to appoint counsel for appellant in prosecuting his "bill for review" but fails to say why this is alleged to be error.

■ The requirements of Rule 84.04(d) are mandatory, *Bell v. Bell,* 538 S.W.2d 733, 735[1] (Mo.App.1976), and must be strictly applied. *Matter of Estate of Langford,* 529

S.W.2d 31, 32[3] (Mo.App.1975). Noncompliance with this rule preserves nothing for review, *Powers v. Powers,* 544 S.W.2d 339, 340[3] (Mo.App.1976), and justifies a dismissal of the appeal. *Cope v. McClain,* 529 S.W.2d 6, 7 (Mo.App.1975).

The Missouri Supreme Court in a recent decision has explained in detail what is required by Rule 84.04(d). In *Thummel v. King,* 570 S.W.2d 679 (Mo. banc, 1978), the court refused to consider nine points raised by appellant because they failed to state wherein and why the court erred.

In clarifying the reasons for, and emphasizing the importance of, the requirements of Rule 84.04(d), the Supreme Court said:

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy. Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation. . . . In addition, such notice is essential to inform the court of the issues presented for resolution. Clear statement of the points relied on facilitates full advocacy and affords the opportunity for clarification by meaningful questions directed to the issues stated in the points relied on. If the appellate court is left to search the argument portion of the brief (or even worse, to search the record on appeal) to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time (even though in this time of increased litigation and heavy caseloads, that alone is sufficient justification for the rules). The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that hap-

pens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.

*Thummel, supra,* page 686.

■ Appellant's brief contains many pages of argument on broad principles of law relating to the Texas statute providing for termination of parental rights, appellant's procedural and substantive due process rights, and the fundamental and basic rights of a parent in his child. However, appellate courts have no obligation to seine an appellant's brief and the record on appeal to determine reasons for alleged error that should have been included by appellant in his points relied on. *Griffith v. State,* 504 S.W.2d 324 (Mo.App.1974). The brief is fatally defective in its failure to provide respondent and this court with specific allegations of error as required by Rule 84.-04(d).

The appeal is dismissed.

All the Judges concur.