Gary W. **RUSHING** and Dixie Rushing, Plaintiffs–Appellants,

v.

**CITY OF SPRINGFIELD**, Defendant– Respondent.

No. 26776.

Missouri Court of Appeals, Southern District, Division One.

Jan. 10, 2006.

---

**2.** The insurance policy itself was not admitted as evidence.

Richard D. Crites, L.L.C., Springfield, MO, for appellant.

John W. Housley, Lowther Johnson, L.L.C., Springfield, MO, for respondent.

JOHN E. PARRISH, Judge.

Gary W. Rushing and Dixie Rushing (collectively referred to as plaintiffs) appeal a judgment for the City of Springfield, Missouri, (defendant) in a case plaintiffs brought seeking damages resulting from suspension of disability pension benefits to Gary Rushing by the board of trustees of the Policeman's and Fireman's Retirement Fund. Gary Rushing had been injured in the course of his employment as a fireman for the City of Springfield. He had received disability benefits since November 1992. His disability benefits were suspended in January 1997 for failure to submit to re-examination to determine if he continued to qualify for disability benefits. The benefits were reinstated in July 2003 following re-examination of Gary Rushing that occurred in April 2003. For the reasons that follow, the appeal is dismissed.

Rule 84.04(a) states what an appellant's brief must contain. The requirements include that appellants' briefs have statements of facts and points relied on.

Rule 84.04(c) explains, "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination *without argument.* ..." (Emphasis added.) Rule 84.04(d)(1) states requirements for points relied on in cases in which review is sought of a decision of a trial court. It provides that each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Further, "[w]hen ... appellants collapse disparate contentions of error into a single point relied on, they violate Rule 84.04(d)." *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 167 (Mo.App.2002). Such points are multifarious and preserve nothing for appellate review. *In re D.L.W.,* 133 S.W.3d 582, 584 (Mo.App. 2004).

Defendant asserts in its respondent's brief that plaintiffs' statement of facts state numerous matters in an argumentative form. Defendant also argues that neither of plaintiffs' points complies with Rule 84.04; that they are "virtually impossible to respond to." Those complaints are well-founded.

Plaintiffs' statement of facts is some 37 pages in length. It is a rambling narration. It includes descriptions of injuries Gary Rushing sustained as a fireman that occurred before the disabling injury that resulted in his receiving disability benefits. Those events were not germane to requirements for re-examination.

Plaintiffs' narration of "facts" includes discussions of circumstances that led to his conviction of a criminal offense during the time he has received disability benefits. It includes arguments about interpretations of city ordinances; arguments not relative to facts found by the trial court. Of the 37 pages of "facts" only the last three pages relate to actual findings and conclusions of the trial court.

As in *Kleinhammer v. Kleinhammer*, 225 S.W.2d 377, 378 (Mo.App.1949), "a mere reading of the statement of facts in [plaintiffs'] brief discloses that [plaintiffs have] ignored the evidence presented on behalf of [defendant]." Plaintiffs' statement of facts is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). *See also, Vodicka v. Upjohn Co.*, 869 S.W.2d 258, 260 (Mo.App.1994).

The deficiencies in plaintiffs' statement of facts are not limited to going beyond facts relevant to the questions presented. The statement of facts includes numerous word selection errors. ("City's ordinances that are relevant to this appear are found in....") ("A regular pension board meeting is held ... and there was no mention

were discussion....") ("The letter also ring wasted a copy....") ("That meeting however attorney Yendes didn't advise me Board that....") ("Yendes advised payment should be and until such hearing is held.") ("If you would like to bring a position to the facility to examine ....") ("Further, he admitted that the pension board, 'could have chosen some position in Texas or some position in the Pacific, Missouri area to evaluate....'") (Emphasis added.)

Plaintiffs' statement of facts does not comply with Rule 84.04(c). As explained by *Geiler v. Boyer*, 483 S.W.2d 773 (Mo.App. 1972); quoting, *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952), "The provision of Civil Rule 84.04(c), V.A.M.R., that: 'The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument' is intended to 'afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Geiler*, 483 S.W.2d at 774. Plaintiffs' statement of facts fails to do this.

"The failure of an appellant to comply with the requirements for a sufficient statement of facts, alone, constitutes ground for dismissal of an appeal." *Devoy v. Devoy*, 502 S.W.2d 428, 430 (Mo.App. 1973). In this case, however, it is not just the statement of facts that is egregious.

Plaintiffs' brief states two "points relied on." Neither complies with requirements of Rule 84.04(d). They identify the trial court ruling they challenge. Points I and II claim the trial court erred in awarding judgment for defendant. Point I, however, does not concisely state the legal reasons plaintiffs contend were the bases for the asserted trial court error. Point I covers two and one-half pages. It consists of 45 typewritten lines. As defendant observes, it has four components—four allegations of

incidents of error that do not relate to a single issue that are included in a single point relied on. Interspersed within Point I are attempts to state legal reasons, in the context of the case, that plaintiffs contend support the claims of error. They are not stated in summary fashion. They do not lend themselves to ascertainment of what claimed error they support. Point I contains multifarious claims. It violates Rule 84.04(d). *In re D.L.W.*, 133 S.W.3d 582, 584 (Mo.App.2004). A point that asserts multifarious claims preserves nothing for review. *Id.; Stelts v. Stelts,* 126 S.W.3d 499, 504 (Mo.App.2004); *Bydalek v. Brines,* 29 S.W.3d 848, 857 (Mo.App. 2000); *Lamar Advertising of Missouri, Inc. v. McDonald,* 19 S.W.3d 743, 745 (Mo. App.2000).

Point II suffers from the same shortcomings as Point I. It covers two and one-half pages—47 typewritten lines. It contains multiple disparate claims of error that do not relate to a single issue. As with Point I, Point II intersperses bases for the claim of error throughout two and one-half pages of text. Point II's claims are multifarious. Point II does not state legal bases for claimed error in a summary fashion. Point II preserves nothing for review.

The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure.

*Sullivan v. Holbrook,* 211 Mo. 99, 109 S.W. 668, 670 (1908). *See also State v. White,* 529 S.W.2d 22, 24–25 (Mo.App.1975); *Cope v. McClain,* 529 S.W.2d 6, 7 (Mo.App. 1975).

Plaintiffs' appeal is dismissed for failure to comply with Rule 84.04(c) and (d).

BATES, C.J., and MAUS, Special Judge, concur.

RAHMEYER, J., recused.